# THE STATE v. ARTHUR GROSSMAN,
## Appellant.

### Division Two, November 24, 1908.

1. **SUNDAY LAW: Keeping Dramshop Open on Sunday: Special Law: Constitutional.**   Section 3011, Revised Statutes 1899, providing that "any person having a license as a dramshop keeper, who shall keep open such dramshop, or shall sell, give away or otherwise dispose of any intoxicating liquors, on the first day of the week, commonly called Sunday, shall, upon conviction thereof, be punished," etc., is not unconstitutional as a special law.   It applies to all persons of a class, namely, all persons having dramshop licenses.   It is general in its scope and universal in its application to all members of said class.

2. ———: ———: **Sec. 3013: Part of Penalty: Not Considered.** Sections 3011 and 3013, Revised Statutes 1899, are separate and distinct sections, and section 3013 is not to be considered as a part of the penalty prescribed for a violation of section 3011.   The enforcement of section 3013 is not involved in a case in which defendant was convicted for a violation of section 3011, and therefore the validity of section 3013 cannot be considered in such case.

3. ———: ———: Pleading: Several Offenses: "And" and "Or:" Verdict. Where the statute says that "any person having a license as a dramshop keeper, who shall keep open such dramshop, or shall sell, give away or otherwise dispose of, or suffer the same to be done upon or about his premises, any intoxicating liquors, in any quantity, on the first day of the week, commonly called Sunday," etc., the information may charge all the particular acts by the statute denounced, in one count, by the use of the conjunctive conjunction *and*, and the doing of any one of those acts would constitute a complete offense; but those acts cannot be connected in the pleading by the disjunctive conjunction *or*, nor can they be so connected in the verdict. The verdict to be responsive to the pleadings must specifically find the defendant guilty of one of the particular offenses. It cannot say that he is guilty of one *or* of another.

4. ———: ———: Verdict: Not Responsive to Pleading. The verdict read: "We, the jury, find the defendant guilty of selling or otherwise disposing of liquor on Sunday, as charged in the information," etc. *Held*, not to be responsive to the information. If the verdict had found the defendant guilty as charged in the information, or had found him guilty of one of the acts charged therein, it would have been sufficient, but as it is it does not with definiteness or with certainty find him guilty of any offense.

Transferred from St. Louis Court of Appeals.

REVERSED AND REMANDED.

*Charles Fensky* for appellant.

(1) The motion to quash and demurrer to the information should have been sustained. (a) The first count of the information does not state facts sufficient to constitute an offense. (b) Section 3011, Revised Statutes 1899, is unconstitutional, being in conflict with section 53, article 4, also section 30, article 2, Constitution of Missouri; also section 1, 14th amendment, Constitution of the United States. The general law applicable to all persons selling intoxicating liquor is section 2243, Revised Statutes 1899. Section 3013 repeals the following portion of the penalty provision of section 3011: "And shall not again be allowed to

obtain a license or keep a dramshop for a term of two years thereafter;'' and substitutes all of the penalties contained in section 3013 as a part of section 3011 afore-said. Under section 3013 no dramshop-keeper can have in his employ in his business any dramshop-keeper whose license as such has been revoked or who has been convicted of selling, giving away, or otherwise disposing of intoxicating liquors upon or about his premises, or suffers the same to be done on Sunday. This deprives a dramshop-keeper, because he has been convicted or has had his license revoked for a violation of any provision of the dramshop act, which includes selling, or otherwise disposing of liquors on Sunday, from being employed in a lawful business. A dram-shop, when licensed, is a lawful business. This section is as much a part of section 3011 as if it was written therein. It is a penalty which the law provides in case of conviction for violation of any provisions of section 3011. And when the constitutionality of said section is attacked it includes all of the penalties inci-dent thereto or a part thereof. A law such as section 3013, which prohibits a man from being employed in a lawful business, because he has been convicted of violating some provision of the dramshop law, is vicious as well as bad law. One of the fundamental rights of the Constitution of the State of Missouri and of the United States, is the right to follow any lawful em-ployment in a lawful way, or, in other words, the right to choose one's own pursuit, subject to constitutional regulations. Live Stock Ass'n v. Crescent City Co., 1 Abb. (U. S.) 388; In re Parrot, 6 Sawyer (U. S.) 349; Civil Rights Cases, 109 U. S. 3; United States v. Washington, 4 Woods (U. S. Cir.) 349; Cully v. Rail-road, 1 Hughes (U. S. Cir.) 536; Portland v. Bangor, 65 Me. 120; Missouri v. Lewis, 101 U. S. 162; St. Louis v. Roche, 128 Mo. 547; Ex parte Smith, 135 Mo. 229; State v. Tie & Timber Co., 181 Mo. 536. (2) Defend-

ant in the first count of the information was charged with selling, giving away, and otherwise disposing of intoxicating liquors in and about the premises wherein said dramshop was located. In the second count he was charged with keeping open his dramshop and permitting persons to enter and depart therefrom. Defendant was by the court's instruction acquitted on the charge of keeping open his dramshop and permitting persons to enter and depart therefrom. A licensed dramshop-keeper is the only one who can sell or suffer to be sold, or otherwise dispose of, intoxicating liquors in a dramshop on Sunday; he is the only one that can keep open or suffer to be kept open a dramshop on Sunday, and when he has his dramshop closed, and he does not sell or otherwise dispose of, or suffer to be sold or otherwise disposed of, on Sunday within his dramshop, intoxicating liquors, there is no violation of section 3011. If a dramshop-keeper keeps his dramshop closed and sells or otherwise disposes of intoxicating liquors on Sunday outside of his dramshop, he sells without a license because his license does not give him a right to sell intoxicating liquors on Sunday. If any other person sells intoxicating liquors on Sunday upon his premises, he also sells intoxicating liquors without a license. A law which singles out the person and premises of one class of unlicensed liquor sellers (licensed dramshop-keeper) and provides that if the offense is committed upon or about the premises of such class, they shall be punished by a greater fine than if the same offense is committed by the other branch of unlicensed liquor sellers upon their premises, is class legislation. State v. Walsh, 136 Mo. 405; State v. Granneman, 132 Mo. 326; State v. Thomas, 138 Mo. 95; State v. Burchardt, 144 Mo. 84; Cooley on Const. Lim. (6 Ed.), 481-483; State v. Julow, 129 Mo. 176; State v. Walsh, 136 Mo. 406; State v. Hill, 147 Mo. 67; State v. Roller, 77 Mo. 128. (3) The first count

of the information is duplicitous and charges more than one offense. The first count of said information charged four distinct offenses: (a) Selling intoxicating liquors on the 27th day of August, 1905, being Sunday. (b) Selling intoxicating liquors in and about the premises where said dramshop is located, on August 27, 1905, being Sunday. (c) Giving away intoxicating liquors on and about his premises on August 27, 1905, being Sunday. (d) And did dispose of intoxicating liquors in and about said premises on August 27, 1905, being Sunday. State v. Meagher, 114 Mo. App. 266; State v. Ambs, 20 Mo. 215; State v. Jones, 39 Vt. 70; Harvey v. State, 80 Ind. 142; State v. Bunnell, 77 Mo. 575. (4) The verdict of the jury is not responsive to the issues made by the information, nor does it state what defendant was convicted of, whether defendant sold, gave away, loaned or traded a suit of clothes for a pint of liquor, or in what manner one Bradshaw got the liquor, cannot be known from the verdict. State v. Pollock, 105 Mo. App. 273; State v. DeWitt, 186 Mo. 70; State v. Bedell, 35 Mo. App. 551; State v. Duesting, 33 Minn. 102.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

(1) Section 3011, Revised Statutes 1899, is constitutional. State v. Ambs, 20 Mo. 214. (2) The information is drawn in the language of the statute and is sufficient. State v. Meagher, 49 Mo. App. 571; State v. Braun, 83 Mo. 480; State v. Roehm, 61 Mo. 82; State v. Sauerburger, 64 Mo. App. 129. (3) Appellant is in no position to challenge the constitutionality of section 3013, Revised Statutes 1899, because (1) he is not being prosecuted under section 3013, and (2) he did not raise the constitutionality of said section in the lower court. It will be time enough to consider the constitutionality of section 3013 when

the penalties thereof are sought to be enforced against the appellant. (4) It is not a difficult matter to reconcile section 2243, Revised Statutes 1899, and section 3011, Revised Statutes 1899. There is no inconsistency between them. Where the dram or tippling shop has no license, prosecution is to be made under section 2243, Revised Statutes 1899, if it is kept open on Sunday. If the dramshop is licensed, it is proper to proceed under section 3011, Revised Statutes 1899. State v. Meagher, 114 Mo. App. 270; State v. Heckler, 81 Mo. 417; State v. Kurtz, 64 Mo. App. 123; State v. Barnett, 111 Mo. App. 688. (5) Said section 3011 does not impinge the class legislation clause, section 53, article 4 of the State Constitution. The section applies to all persons "as a class" having dramshop licenses. No exceptions are made. It is general in its scope, and universal in its application so far as licensed dramshop-keepers are concerned, and is, therefore, a general law. State v. Etchman, 189 Mo. 648; O'Connor v. Railroad, 198 Mo. 622; Taylor v. Railroad, 198 Mo. 715. (6) Section 3011 provides for the punishment of but one offense, which can be perpetrated by keeping the dramshop open on Sunday, or by selling, giving away or otherwise disposing of liquor on said day, or suffering the same to be done. State v. Fancher, 71 Mo. 460; State v. Freeze, 30 Mo. App. 351.

FOX, P. J.—This is an appeal by the defendant from a judgment of conviction in the St. Louis Court of Criminal Correction convicting him as a dramshop keeper of selling, giving away and otherwise disposing of intoxicating liquors upon or about his premises wherein such dramshop is located, on the first day of the week commonly called Sunday.

On August 28, 1905, the assistant prosecuting attorney filed in the St. Louis Court of Criminal Correction an information containing two counts against

the defendant.   The first count charged that the defendant, having a license as a dramshop keeper, did sell, give away and dispose of in and about the premises wherein said dramshop is located, one pint of whiskey to one Joe Bradshaw on Sunday.   The second count charged that defendant kept open his dramshop upon said day.   Both offenses were charged to have been committed on August 27, 1905.   On August 29, 1905, the defendant entered his plea of not guilty.   On September 12th, there was interposed to the information filed, a demurrer, as well as a motion to quash, alleging, among other things, the unconstitutionality of section 3011, under which this prosecution was had.   These motions were overruled.   The defendant was put upon his trial before a jury upon October 12, 1905, which trial resulted in a verdict of guilty upon the first count, and the assessment of his punishment at a fine of $75.   There was a *nolle prosequi* entered as to the second count.

Timely motions for new trial and in arrest of judgment were filed and overruled, and an appeal was granted to the St. Louis Court of Appeals.   Upon December 3, 1907, the St. Louis Court of Appeals, for the reason that a constitutional question was involved, certified the case to this court, on the ground that they were without jurisdiction to determine that question.   The bill of exceptions does not preserve any of the evidence introduced at the trial.   There was a judgment duly entered for the recovery of the $75, and from this judgment this appeal is prosecuted, and the record is now before us for consideration.

## OPINION.

The first proposition to which our attention is directed is the earnest insistence upon the part of learned counsel for appellant that section 3011, Revised Statutes 1899, is unconstitutional and void.   Section 3011,

upon which this judgment is predicated, provides: "Any person having a license as a dramshop keeper, who shall keep open such dramshop, or shall sell, give away or otherwise dispose of, or suffer the same to be done upon or about his premises, any intoxicating liquors, in any quantity, on the first day of the week, commonly called Sunday, or upon the day of any general election in this State, shall, upon conviction thereof, be punished by a fine of not less than fifty nor more than two hundred dollars, shall forfeit such license, and shall not again be allowed to obtain a license to keep a dramshop for the term of two years next thereafter."

It is sufficient to say upon this proposition that in our opinion there is no merit in the contention of appellant that this section is unconstitutional and void. It in no way impinges upon section 53, article 4, of the State Constitution, which prohibits class legislation. This section applies to all persons of a class having dramshop licenses. No exceptions are made. It is general in its scope and universal in its application, so far as licensed dramshop keepers are concerned, and is therefore, under the uniform decisions of this court, to be classed as a general law. [State v. Etchman, 189 Mo. 648; O'Connor v. Railroad, 198 Mo. 622; Taylor v. Railroad, 198 Mo. 715.]

This section has been upon the statute for many years in this State, and many judgments of conviction for the violation of its provisions have been rendered by the courts of this State and affirmed by the appellate courts. In our opinion it is not an unreasonable regulation of the liquor traffic, as applicable to those who have procured the privilege of engaging in the business of that nature and character. In our opinion this section is constitutional and valid.

Counsel for appellant devotes a great deal of attention in his able and exhaustive brief in this case

to section 3013, Revised Statutes 1899. It is insisted by counsel for appellant that section 3013 should be construed as a part of the penalty for a violation of section 3011. It is only necessary to say of this insistence that section 3011 and section 3013 are separate and distinct sections, and in the case now before us the enforcement of the provisions of section 3013 is not involved. When the provisions of section 3013 are invoked and sought to be enforced, the person who feels aggrieved by reason of the enforcement of such provisions will have an opportunity of having his day in court, but that section is not now before us, and there is no legal, valid reason why we should go outside of the record to determine the constitutionality of that particular section.

## II.

The most serious proposition disclosed by the record now before us is the one in which the point is made that the verdict as returned by the jury is not responsive to the issues presented in the trial court, and is so uncertain and indefinite as renders it insufficient to support the judgment. The verdict of the jury was in the following form:

"State of Missouri,
        vs.
"Arthur Grossman.

"We, the jury in the above-entitled cause, find the defendant guilty of selling or otherwise disposing of liquor on Sunday, as charged in the information, and assess his punishment at a fine of $75.

"E. F. JONES, Foreman."

Section 3011, Revised Statutes 1899, upon which the information and the verdict as returned by the jury are predicated, makes it an offense for any person

214 Sup.—16

having a license as a dramshop keeper to sell, give away or otherwise dispose of, or suffer the same to be done on or about his premises, any intoxicating liquors, in any quantity, on the first day of the week, commonly called Sunday. Under the provisions of this section it is well settled in this State that the pleader may in one count charge all of the facts embraced in that section, providing that he connects them by the conjunctive conjunction *and*. It is equally well settled that it is bad pleading to charge all of the acts embraced in the section by the use of the disjunctive conjunction *or*. These adjudications are based upon the theory that a statute which forbids several things in the alternative is usually considered as creating but one offense. As is said by Mr. Bishop, "where, for instance, a statute forbids several things in the alternative, it is usually considered as creating but one offense; and the indictment may charge the defendant with the commission of all the acts, using the conjunction *and* where the statute uses the disjunctive *or;* or, on the other hand, the indictment may contain but one or two of the things, at the election of the pleader." [1 Bishop's Criminal Proc. (1 Ed.), sec. 191.]

In Stevens v. Commonwealth, 6 Metc. 241, the court had under consideration a statute which prescribed the punishment of "every person who shall buy, receive, or aid in the concealment of any stolen goods, knowing the same to have been stolen." It was held in that case that there was but one offense mentioned by the statute, although that offense might be committed in one of three modes, by buying, receiving or aiding in the concealment of stolen goods. So it may be said as to section 3011. Its provisions are intended as a regulation of the liquor traffic by prohibiting the pursuit of that traffic on the first day of the week commonly called Sunday. The offense de-

nounced by that statute may be committed by any of the methods designated in the statute, either by keeping open the dramshop on Sunday, or by selling, giving away or otherwise disposing of intoxicating liquors, or suffering the same to be done upon or about the premises where the dramshop is located, but the doing of either one of the particular acts would of itself alone make a complete offense. On the other hand, if all of the acts denounced by section 3011 were charged in an information, and in charging the commission of such acts the disjunctive conjunction *or* was used, the pleading would be held insufficient on the ground of uncertainty and indefiniteness, for the reason that the defendant charged with the commission of such acts would be unable to tell as to which one of the acts charged he would be required to meet upon the trial of the cause. It may be said as to verdicts in criminal cases that the law is well settled that they must be reasonably definite and certain and responsive to the issues presented in the cause.

In State v. DeWitt, 186 Mo. 61, the authorities were all carefully reviewed by this court, and the following conclusion was announced, after a full consideration of all the authorities, speaking through Judge GANTT: "Whatever the practice may be in other states, it is the settled law of Missouri that if a verdict, which is a part of the record, is not responsive to the issue or is so uncertain and indefinite that it will not support the judgment, this defect may be reached by a motion in arrest of judgment." Citing Webber v. State, 10 Mo. 4; Davidson v. Peck, 4 Mo. 438; Griffin v. Samuel, 6 Mo. 50.

The verdict in this cause, measured by the authorities cited in State v. DeWitt, supra, is manifestly insufficient to support the judgment. If the jury had found the defendant guilty as charged in the information, or had returned a verdict finding him

guilty of the commission of one of the acts charged in the information, it would have been clearly sufficient, but this verdict fails to find definitely or with certainty the defendant guilty of the commission of any acts which would constitute an offense. It finds the defendant guilty of ''selling or otherwise disposing of liquor on Sunday.'' The verdict in that form is not a finding that he sold whiskey on Sunday, or that he gave it away or otherwise disposed of it on Sunday. It is simply a verdict which says we find the defendant guilty of either selling on Sunday or otherwise disposing of liquor on that day, and leaves it to a mere conjecture as to which act the defendant is found guilty of committing.

While it is with reluctance that this court feels constrained to disturb the judgment of the trial court by reason of the insufficiency of the verdict returned, yet if juries are required under the law to return their findings in a reasonably definite and certain manner which are responsive to the issues presented, and we are to longer follow the well-settled rules of law applicable to the form of verdicts, then we see no escape from the conclusion that this verdict is indefinite, uncertain and not responsive to the issues presented, and the motion in arrest of judgment filed by the defendant in the trial court should have been sustained. Entertaining these views it results that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

All concur.