THE STATE v. FRANK MILLER, *alias* FRANK
. PULGER, Appellant.

Division Two, February 17, 1914.

1. **VERDICT: Duplicity in Information: Proof of One Offense, Convicted of Another: Mortgaged Property.** Ordinarily the defect of duplicity (of charging two separate and distinct offenses in one count of the information) is cured by verdict. But when the information charged the defendant with removing and concealing mortgaged chattels, and of selling and disposing of said chattels without consent of the mortgagee—two distinct offenses—and the proof made out a case of removing and concealing, and the instruction narrowed the issue accordingly, a verdict finding the defendant guilty of disposing of mortgaged chattels cannot stand—for it disregards both the evidence and instruction.

2. ————: **Responsive to Issues: Part of Record.** A verdict in a criminal case is a part of the record proper, as distinguished from matters of pure exception; and must be responsive to the charge in the information (unless it is a general verdict of guilty), to the evidence offered in the case, and to the issues presented by the instructions.

3. **INSTRUCTION: Removal of Mortgaged Property: Flight.** Where flight is a coincidence of the offense of removing and concealing mortgaged chattels, and there is substantial evidence to establish it, an. instruction on flight may properly be given; but it should also include, as an issue to be determined by the jury, the explanation which defendant may be able to make, if any, in rebuttal of the presumption of guilt arising from flight.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur*, Judge.

REVERSED AND REMANDED.

*A. T. Dumm* for appellant.

(1) The sole issue submitted to the jury was that of removing and concealing mortgaged property, the issue of disposing of mortgaged property having been eliminated from their consideration. Consequently,.

the verdict—finding defendant guilty of disposing of chattels mortgaged—is not responsive to the issue, and cannot therefore sustain the judgment. 2 Bishop's New Criminal Procedure (2 Ed.), sec. 1005; 8 Words and Phrases, pp. 7293-95; State v. Rowe, 142 Mo. 442; State v. Pierce, 136 Mo. 40; State v. Harmon, 106 Mo. 657; State v. Evans, 21 So. (La.), 546; State v. Modlin, 197 Mo. 379; State v. DeWitt, 186 Mo. 67; State v. Cronin, 189 Mo. 670; Dailey v. Columbia, 122 Mo. App. 21; State v. Pollock, 105 Mo. App. 273; State v. Cornwall, 88 Mo. App. 190; Ex parte Harris, 128 Pac. 156; Vickers v. United States, 1 Okl. Cr. 458; In re McVey, 50 Neb. 481; State v. Grossman, 214 Mo. 241; Thresher Co. v. Speak, 167 Mo. App. 470; State v. McCune, 209 Mo. 399; State v. Logan, 209 Mo. 401. (2) There is no evidence in the record that defendant fled to avoid arrest, and the trial court committed reversible error in giving to the jury an instruction on flight. State v. Tice, 90 Mo. 112; State v. Herrell, 97 Mo. 111; State v. Bonner, 178 Mo. 432; State v. St. John, 94 Mo. App. 234; State v. Bailey, 57 Mo. 131; State v. Harris, 232 Mo. 317; State v. Fairlamb, 121 Mo. 147.

*John T. Barker,* Attorney-General, and *Thomas J. Higgs,* Assistant Attorney-General, for the State.

(1) The information follows the statute and is sufficient in form. Sec. 4570, R. S. 1909; Kelley's Crim. Law & Procedure (3 Ed.), sec. 714. (2) The verdict finds the defendant guilty "of disposing" of chattels mortgaged as charged in the information. The verdict is responsive to the information, which charges that the defendant did "dispose of" the mortgaged chattels. The statute uses the words "disposed of." Sec. 4570, R. S. 1909. (3) The court properly held that the State, before trial, was not bound to elect whether the defendant was to be tried for "concealing mortgaged property" or for "disposing of mortgaged property." The alleged charges, if there were

more than one charge, were in one count and under the same statute. The State did not have to elect before trial when the charges were distinct and under separate statutes and in separate counts in the information. State v. Duvennick, 237 Mo. 192; State v. Carragin, 210 Mo. 351; State v. Sharpless, 212 Mo. 203; State v. Schmidt, 137 Mo. 266; State v. Houx, 109 Mo. 654.

FARIS, J.—Defendant, convicted in the circuit court of the city of St. Louis for a violation of section 4570, Revised Statutes 1909, for that, as it was charged, he had removed and concealed certain mortgaged chattels, and his punishment having been by a jury assessed at imprisonment in the penitentiary for a term of two years, has, after the usual motions for a new trial and in arrest, appealed.

Since in our view the disposition of the case here will turn upon questions of law applied to the record in the case rather than to the substantive facts shown in evidence and going to make up the evidentiary elements of the crime charged, we may content ourselves with saying that defendant about the month of April, 1912, while residing at 1105 Calhoun street in the city of St. Louis, with a woman whom he represented to be his wife and a son of the latter, went to the place of business of the prosecuting witness, one Harry Rossen, at the time engaged in selling furniture in said city, and under the name of Frank Miller purchased from Rossen the personal property and chattels which form the subject-matter of this action, agreeing to pay Rossen therefor the sum of $238 by instalments, payable weekly. The goods were delivered at the Calhoun street address on April 15, 1912, and a promissory note executed for the purchase price, the said sum of $238. This note was to be paid in instalments of $7.50 weekly, and was secured by a chattel mort-

gage on the furniture purchased. Both note and mortgage were signed by defendant in the name of Frank Miller, and by the woman who was living with him, in the name of Teresa Miller.

Shortly after the delivery of the goods to the defendant he disappeared and was, some two months thereafter, found living upon a farm near Iola, Wisconsin, in an old house, which had formerly been a barn, and with defendant in said house was found the mortgaged furniture purchased from Rossen. It was in evidence from divers witnesses that defendant, very shortly after the making by him of the chattel mortgage to Rossen, procured the hauling of the furniture to the Union Station, there loaded it into a car and shipped it away, inferentially of course, to Iola, Wisconsin, where it was next found in the possession of defendant, who was there living with a woman and her son, as he had theretofore lived on Calhoun street in the city of St. Louis.

Defendant denied that he had ever purchased any furniture from the prosecuting witness Rossen, or that he knew Rossen, or that he had procured the hauling by the drayman who identified him as the one who employed the drayman to haul the furniture and place it in the car. He denied that he had ever been known by the name of Frank Miller, or that he had represented himself to Rossen or to anyone else as being Frank Miller, but averred that his name was Frank Pulger, and that he had always been known by that name. He admitted, however, that he had had some connection with placing the furniture in the car, but that he had acted for one Fred Bond in that behalf. He swore that said Bond had had the furniture brought into the Calhoun street house; that he and Bond were both going to Wisconsin to work on a beet farm, and while admitting that he was in possession of the furniture in Wisconsin, he averred that he was merely awaiting the coming there of said Bond, for whom

he was holding the furniture and for whom he was in possession thereof.

The information upon which defendant was tried, omitting caption and signature and all formal parts, and setting out but the charging part thereof, which alone is pertinent here, is as follows:

"That on the sixteenth day of April, 1912, in the said city of St. Louis, and while said chattel mortgage was still in force and effect, the said Frank Miller, *alias* Frank Pulzer, *alias* Frank Pulger, mortgagor and grantor in said above described chattel mortgage, did feloniously, wilfully and unlawfully remove and conceal, and aid and assist in removing and concealing the above described personal property and chattels, so described and mentioned in said chattel mortgage, with the intent to hinder, delay and defraud the said Harry Rossen, mortgagee as aforesaid, and did feloniously, wilfully and unlawfully sell, convey and dispose of the above described chattels and personal property, so described and mentioned in said chattel mortgage, without the written consent of the said Harry Rossen, mortgagee and beneficiary in said chattel mortgage, and without informing the person to whom the said chattels and personal property then and there were sold and conveyed, that the said chattels and personal property were mortgaged as aforesaid; said above described chattels and personal property so mentioned in said chattel mortgage being then and there of the value of two hundred and thirty-eight dollars, against the peace and dignity of the State."

The record in this case is in all respects formal and correctly shows all necessary entries which are of importance upon the issues before us. The verdict, however, is attacked both in the motion for a new trial and in the motion in arrest of judgment. This verdict, caption and signature omitted, is as follows:

"We, the jury in the above entitled cause, find the defendant guilty of disposing of chattels mort-

gaged, as charged in the information, and assess the punishment at imprisonment in the pentitentiary for two years."

Among other things set up in the motion for a new trial it is averred that "the verdict of the jury is contrary to the law, contrary to the evidence and against the weight of the evidence." Likewise in the motion in arrest of judgment it is urged that no judgment should be rendered or any sentence pronounced on the verdict of the jury "because the verdict of the jury is insufficient to sustain a judgment of conviction in such cause."

Upon the trial of the case and before the offering of any testimony in the case, counsel for defendant orally moved the court "to require the State to elect on which count the State would go to the jury." The court refused to require the State to elect at that time, stating in reply to defendant's objection that if the testimony should afterward show that an election on the part of the State was proper, the matter could be controlled by the court by an instruction. An exception was saved to the action of the court in refusing to require an election, but there the matter was dropped and has not been preserved by any reference thereto in the motion for a new trial.

The exact issue submitted to the trial jury by the court is clearly shown by the following excerpt from the instructions given by the court:

"And if you further find and believe from the evidence that on or about the sixteenth day of April, 1912, in said city and State, and while said chattel mortgage was still in force and effect, said defendant, being the mortgagor and grantor in said mortgage, did feloniously, wilfully and unlawfully remove and conceal, and did aid and assist in removing and concealing the above described personal property and chattels, or any part thereof, with the intent to hinder, delay and defraud the said Harry Rossen, being the

State v. Miller.

mortgagee in said mortgage, without the written consent of said Harry Rossen; and if you further find and believe from the evidence that said property so removed and concealed, or any part thereof (if you find and believe from the evidence that said property was so removed and concealed), was of the value of fifty dollars or more, you will find the defendant guilty as charged; and if you do not find the facts to be as stated herein, you will find the defendant not guilty."

Since the sufficiency of the verdict upon the facts, upon the charge in the information and upon the issues made by the instructions, is the point most strenuously urged, the above statement will, in our view, be suffi-·· cient to make clear all points upon which the case will turn.

## OPINION.

I.   Defendant contends that the verdict of the jury is neither responsive to the issues made by the testi-

**Verdict.**

mony, nor in accord with, but *per contra* in conflict with, the case submitted to the trial jury by the instruction of the court.

That and more is the trouble with this case. Section 4570, under which the charge in the case is brought, contains three separate and distinct offenses—which are either felonies or misdemeanors according as the amount or value of the property dealt with shall be found to be greater or less than fifty dollars. These three offenses consist: (a) of selling, conveying or disposing of mortgaged chattels; (b) of injuring or destroying or aiding and abetting in injuring or destroying such chattels, and (c) of removing or concealing, or aiding in the removing or concealing of the same, with certain conditions precedent and intent, more at length in the statute set out, but not necessary to be adverted to for our present purpose.

These three offenses are each defined by groups of words, which as to all other words in each group,

are subject to the rule of *ejusdem generis*. But this rule does not apply interchangeably, as among the groups themselves. If it did, then clearly the whole section would denounce but one offense. So, since the words "dispose of," do not in diction ordinarily, if ever, mean "to remove, or conceal," or "to injure, or destroy," they do not have any such meaning as they are used in this section, but they refer only to a *disposing of* a chattel effected by a sale or conveyance.

It is fairly plain that two separate and distinct offenses are charged in the same count of the information. Ordinarily this defect of duplicity is cured by verdict. [State v. Nieuhaus, 217 Mo. 332.] But here the proof makes out the case (c), that of *removing and concealing* the mortgaged property, and upon the case so made by the proof the learned judge *nisi* instructed the jury. Notwithstanding this instruction and the facts in evidence the jury found defendant guilty of (a) *disposing of chattels mortgaged;* thus wholly disregarding the evidence in the case and the instructions of the court. It would have been no greater legal solecism to have charged defendant with larceny and to have convicted him of rape. So, while we note with sympathy the uplift toward absolute simplicity of procedure and the trend toward panicky abjuration of all form, formality and technicality, which ought soon to bring us again to that primitive justice whose machinery and needs are but the dark of the moon, a convenient oak tree and a stout hemp rope, we are yet mindful of our sworn duty to follow the law and to observe the Constitution; at least until such time as the Legislature shall repeal all law and the people shall abolish the Constitution, and being so curbed and hampered, we are constrained to hold that this conviction cannot stand.

The verdict was attacked, as we have seen, both in the motion for a new trial and in the motion in arrest. The verdict in a criminal case is a part of the

record proper, as distinguished from matters of pure exception, which are made parts of the record in the case by a proper bill of exceptions. [Bateson v. Clark, 37 Mo. 31; State v. Rowe, 142 Mo. 1. c. 440.] The verdict here was neither responsive to the instructions of the court nor to the proof adduced to make out the case. It must be responsive (a) to the charge in the information (unless it is a general verdict of guilty); (b) to the evidence offered in the case, and (c) to the issues presented by the instructions of the court. [State v. Modlin, 197 Mo. 376; State v. Cronin, 189 Mo. 663; State v. DeWitt, 186 Mo. 61; State v. Rowe, 142 Mo. 439; State v. Pierce, 136 Mo. 34; State v. Harmon, 106 Mo. 635; State v. Grossman, 214 Mo. 233; 2 Bishop, Crim. Proc. (2 Ed.), sec. 1005.]

II. Other objections are urged upon us, e. g., that the State should have been required to elect upon which charge it would go to the jury, and that the instruction on flight should not have been given. Since, for the reasons we have already stated, this case must be reversed and remanded, and since it is probable that the State may be advised to file an amended information, we see no crying need for our taking the space to pass upon these matters *in extenso*.

Instruction on Flight.

In passing the subject of the instruction on flight, we may say that inasmuch as the inference to be drawn from the acts of the defendant in committing the offense charged, as these acts are disclosed by the evidence, is just as consistent with the State's theory of flight as with the theory advanced by the defendant, an instruction on flight was proper. In short, if he was guilty of removing and concealing the mortgaged chattels, the methods he used in removing them and accompanying them to the State of Wisconsin smacked as well of flight as of the necessary legal elements required to be proved in the case. This is a coincidence in the case, working it may be, a hardship upon

defendant, but which nevertheless warrants a proper instruction upon the question of flight, which instruction should appropriately include, as an issue to be determined by the jury, the explanation which defendant may make, if any, in rebuttal of the presumption of guilt arising from flight. [State v. Harris, 232 Mo. l. c. 323; State v. King, 78 Mo. 555; State v. Walker, 98 Mo. l. c. 108.]

It results from what is said that this case should be reversed and remanded to be retried in accordance with the views herein.

It is so ordered. *Walker, P. J.,* and *Brown, J.,* concur.