## THE STATE v. WILLIAM HINTON, Appellant.

In Banc, July 2, 1923.

1. **VERDICT**: Responsive to Issues. A verdict must be responsive to the issues submitted. A general verdict finding defendant guilty of an offense not charged, or of an offense not submitted to them, is erroneous.

2. ——: ——: **Precise Offense.** A verdict must not only be responsive, but it must be precise and clearly show the offense of which the defendant is found guilty, either by reference to the

indictment or by a specific statement of the elements constituting the offense.

3. ————: **As Charged.** A verdict which finds defendant guilty as charged in the indictment is good, but if it goes further and finds him guilty of an offense not charged it is not good.

4. ————: **Embezzlement: Intent: Statute.** Where the indictment charges defendant with intent to embezzle, a verdict finding him guilty of embezzlement is not responsive to the issue. The statute (Sec. 3329, R. S. 1919) declaring that if any person shall embezzle or convert to his own use, or make away with or secrete, with intent to embezzle or convert to his own use, any money or goods, etc., creates two offenses, namely, actual embezzlement, and secreting with intent to embezzle; and where defendant was charged with secreting certain jewelry, with intent to embezzle and convert the same to his own use, a verdict finding him "guilty of embezzlement as charged in the indictment" cannot stand.

5. ————: ————: ————: **Instruction.** Notwithstanding the indictment charged defendant with secreting certain jewelry, with intent to embezzle and convert the same to his own use, and notwithstanding the instruction required the jury to find that defendant did "feloniously and fraudulently secrete said property, with intent feloniously to embezzle and convert the same to his own use," a verdict finding defendant "guilty of embezzlement as charged in the indictment," is erroneous, and will not support a judgment of conviction of embezzlement.

Appeal from Hannibal Court of Common Pleas.—*Hon. Charles T. Hays,* Judge.

Reversed and remanded.

*Berryman Henwood* and *Lewis O'Connor* for appellant.

The verdict is not responsive to count one of the indictment or to the instructions in the case. Obviously, it will not sustain the judgment and sentence. Sec. 3329, R. S. 1919; 1 Bishop on Crim. Proc. (3 Ed.) sec. 1005; 2 Thompson on Trials, sec. 2640; Clark on Crim. Proc. p. 485; 1 Bishop on New Crim. Proc. (4 Ed.) sec. 1005; Wharton on Crim. Pl. & Prac. (9 Ed.) sec. 756;

22 Ency. Plead. & Prac. 873; State v. Bedell, 35 Mo. App. 551; State v. Harmon, 106 Mo. 635; State v. Crosswhite, 130 Mo. 363; State v. Pierce, 136 Mo. 40; State v. Lentz, 184 Mo. 237; State v. DeWitt, 186 Mo. 67; State v. Cronin, 189 Mo. 670; State v. Modlin, 197 Mo. 379; State v. Casey, 207 Mo. 10; State v. Reeves, 208 Mo. 352; State v. Grossman, 214 Mo. 243; State v. Miller, 255 Mo. 230; State v. Burgess, 268 Mo. 417.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for respondent.

(1)   The verdict is sufficient notwithstanding it finds appellant guilty of an offense not charged in the indictment, for the finding is "guilty as charged in the indictment in the first count." The term "embezzlement" as used in the verdict should be treated as surplusage. State v. Bishop, 231 Mo. 411, 415; State v. Burgess, 268 Mo. 417; State v. Miller, 255 Mo. 229. (2)   If the intention of the jury to return a verdict of guilty of the offense charged may be understood readily, it is sufficient. State v. Miner, 263 Mo. 274; State v. Lawler, 220 Mo. 26; State v. Jackson, 242 Mo. 420; State v. DeWitt, 186 Mo. 70; State v. Jordan, 25 S. W. 907; State v. Smith, 223 S. W. 750. (3)   The nature of the crime need not be mentioned in the judgment. State v. Bowman, 213 S. W. 97; State v. Williams, 191 Mo. 205; State v. Hesterly, 178 Mo. 47.

WHITE, J.—This appeal is from a judgment upon conviction of embezzlement in the Court of Common Pleas of Hannibal. The indictment against the defendant was in two counts, the first charging him with making away with and secreting certain jewelry of the value of fifteen hundred and seventy-five dollars, the property of Grover J. Altrogge, with intent to embezzle and convert the same to his own use. The second count charged the defendant with larceny of the jewelry. The State elected to proceed to trial upon the first count. The verdict of

the jury, rendered April 18, 1921, refers to the first count. The verdict is the principal point of attack by the appellant and will be set out below.

Grover J. Altrogge testified that on April twenty-seventh, 1920, he was in the jewelry business in Hanni-bal, and had been in such business from the fifteenth day of March previous. Prior to going to Hannibal he had been in the jewelry business in East St. Louis, Illinois.

On the twenty-seventh day of April, 1920, the defendant, Mr. Hinton, and his nephew Earl Hinton, came to Altrogge's store and asked to see some diamonds. Altrogge showed them diamonds and named prices on them. Hinton wanted to have the diamonds appraised and asked permission to take them out for that purpose. Altrogge sent with the Hintons a man named Clark, who at that time was working for him in the store. They soon returned and said they could not get anyone to appraise the diamonds. Then Hinton suggested that he had a friend in Moberly, a diamond expert, to whom he would be glad to show them. Hinton said: "I think you ought to have some security for these diamonds. I have got two bankable notes, I will go and get them." He brought the notes and handed them to Altrogge to keep until he should return the diamonds. The witness then gave in detail the different jewels which were delivered to Hinton, placed their total value at fifteen hundred and seventy-five dollars, and swore they were his property.

At the time of taking the diamonds Hinton told him the notes were bankable, and amounted to more than fifteen hundred and seventy-five dollars. Hinton did not return the diamonds, the next morning and Altrogge went to see him. Hinton said that he could not go to Moberly himself, so he sent his nephew, Earl Hinton, and that he had not come back. One delay after another occurred in Altrogge's attempt to recover his diamonds from Hinton. He made inquiries about the notes, and received information that they were worthless. In a final interview with Hinton it appeared that some account of the matter had been in the newspaper. Hinton defied

Altrogge, and told him it was going to cost him more than the diamonds were worth, and dared Altrogge to have him arrested. Altrogge testified that he never collected anything on the notes; that Clark left his employ before he had Hinton arrested, but was there in the store when he consulted someone about bringing a civil suit against Hinton. The State introduced other evidence to show that Clark was in the store when Hinton came in and got the diamonds.

Hinton, who formerly lived in Moberly, introduced evidence to show that his reputation there was good. He had been twice elected chief of police in Moberly. He testified that he bought the diamonds from Charles Clark, who was in the Altrogge store, and paid for them with the notes. In his testimony he went into detail in explanation of the negotiation by which he obtained the diamonds from Clark. He claimed that the entire trade was with Clark, and that Altrogge had nothing to do with it. He introduced other evidence to show Clark's agency in conducting the negotiations. On this evidence a verdict of guilty was returned.

I.   The verdict is attacked by the appellant on the ground that it is not responsive to the issues presented to the jury.   The verdict was as follows:

"We, the jury, find the defendant guilty of embezzlement as charged in the indictment in the first count and we assess defendant's punishment at imprisonment in the penitentiary for a term of three years.

"P. W. Fletcher, Foreman."

Section 3329, Revised Statutes 1919, provides that if "any carrier, bailee or other person shall embezzle or convert to his own use, or make way with or secrete, with intent to embezzle or to convert to his own use, any money, goods  .  .  .  he shall, on conviction, be punished," etc., in a certain manner.

It is held that this statute creates two offenses, one actual embezzlement, and the other secreting with intent to embezzle.   [State v. McWilliams, 267 Mo. l. c. 449; State v. Lentz, 184 Mo. 237.]   The indictment in the first

count charges the defendant with intent to embezzle and not actual embezzlement. The instruction given to the jury authorizes a verdict if the jury should find that the defendant unlawfully, feloniously and fraudulently did make away with or unlawfully, feloniously and fraudulently did secrete said property . . . with *intent feloniously to embezzle* same and fraudulently *convert* the same to his own use, etc. The court also defined the principal words employed in the instruction, such as "feloniously," "bailee," and "embezzle." Other instructions are in harmony with the general instruction mentioned. The jury were not by any instruction authorized to find the defendant guilty of embezzlement.

A verdict must be responsive to the issues submitted. A general verdict which finds the defendant guilty of an offense not charged, or of an offense which is not submitted to them, is erroneous. [State v. Burgess, 268 Mo. l. c. 417; State v. Schneiders, 259 Mo. l. c. 327; State v. Miller, 255 Mo. l. c. 230-231; State v. Reeves, 276 Mo. l. c. 353.]

Some of the cases cited construe other statutes which, however, are very similar in terms and general effect to the statute under consideration.

This is not one of those cases where the Statute of Jeofails corrects an informal verdict, such as that mentioned in State v. Jordan, 285 Mo. l. c. 72. Or where a general verdict is held to be sufficient, if the same offense is charged in two forms. A verdict must not only be responsive, it must be precise and clearly show the offense of which the defendant is found guilty, either by reference to the indictment or by a specific statement of the elements constituting the offense.

In this case the verdict finds the defendant guilty, as charged in the first count of the indictment, and if it were left at that the verdict would be good. But it goes further and finds the defendant guilty of embezzlement, which was not charged in the indictment.

The judgment is reversed and the cause remanded. All concur.