# STATE OF MISSOURI, Respondent, v. W. C. BOUNDS, Appellant.

In the Springfield Court of Appeals, April 9, 1924.

1. **INDICTMENT AND INFORMATION:** Liquor Offenses Must be Charged in Conjunctive, and not Disjunctive. Count in information which charged defendant with unlawfully possessing a certain still, doubler, worm, tub, mash tub or fermenting tub, used for the production of intoxicating liquor, was improper, as offenses of this character must be charged in the conjunctive and not the disjunctive.

2. **INTOXICATING LIQUORS:** Failure of Evidence to Show Transportation as Charged Held Ground for Reversal. In a prosecution for transporting intoxicating liquor, reversal of judgment of conviction *held* justified where the evidence failed to show transportation as defined by the amendment to intoxicating liquor laws under Session Acts of 1923, sec. 19, page 242.

3. ————: Charge Should Conform to Amendment to Statute. It would be better practice to make charge of unlawful transportation conform to the amendment to the intoxicating liquor laws under Session Acts of 1923, sec. 19, page 242.

4. **CRIMINAL LAW:** Defense That Defendant was Being Persecuted by an Enemy Settled by Verdict of Jury. In a liquor prosecution, jury's verdict against accused held final as to his defense that he was being persecuted by an enemy who had been elected sheriff of an adjoining county.

5. **JURY:** Juror not Disqualified Because Relative of Witness. In a liquor prosecution on three counts, a juror *held* not disqualified under Revised Statutes 1919, section 4011, merely because he was a relative of a witness whose name was indorsed on one of the informations, and especially where witness was not prosecuting witness and did not testify.

6. **WITNESSES:** Cross-examination of Defense Witness as to Previous Arrest Held Prejudicial Error. In a liquor prosecution, cross-examination of defense witness as to whether he had been arrested for making whisky in Arkansas, and whether another defense witness went on his bond, *held* prejudicial error.

Appeal from the Circuit Court of Dunklin County.—
*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*Ward & Reeves* for appellant.

*James V. Billings* for respondent.

FARRINGTON, J.—The defendant appealed from
the judgment of the Circuit Court of Dunklin County,
resulting from a conviction by a jury on three counts,
the same being based on the prohibition law. The first
count charges the defendant with unlawful possession
of intoxicating liquor for beverage purposes, designated
in the information as "white mule," containing more
than one-half of one per cent alcohol. The second count
charges him with transporting intoxicating liquors, giv-
ing the same description as that contained in count one.
The third count charges him with unlawfully possessing
a certain still, doubler, worm, tub, mash-tub or ferment-
ing-tub, used and fit for the production of intoxicating
liquor for beverage purposes.

The instructions of the court on the three counts
follow the language of the information, and we may say
on the start that the conviction on the third count must
be reversed and the cause remanded on account of the
charge being improper and insufficient. This identical
point is decided by this court in an opinion by Judge
Cox in the case of State v. Wiatt, reported in 245 S. W.
583, in which he cites the case of State v. Grossman, 214
Mo. 233, 113 S. W. 1074.

Offenses of this character must be charged in the
conjunctive and not the disjunctive. Likewise the con-
viction of the defendant under the second charge must
be reversed and the cause remanded because the evi-
dence fails to show that there was any transportation
as is defined by the amendment to the intoxicating liquor

laws under Section 19, Session Acts of 1923. The evidence does not show how this intoxicating liquor was transported. The inference, however, that would be drawn from reading the testimony is that it was taken on the person of the defendant from the still which he is charged with having operated, to the towns of Rives and Deering, Dunklin County, Missouri. This amendment to the statute was made subsequently to the trial in this case and probably accounts for the failure of proof in this respect. In case the prosecuting attorney desires to further prosecute under this charge, it would be better practice to make the charge conform to the amendment, if in his opinion there is evidence to sustain the charge for transporting, as it is now defined in the amendment.

Under the first count of the petition for unlawful possession of intoxicating liquor for beverage purposes, the evidence is sufficient to sustain a conviction.

The principal defense made here is that the defendant is being persecuted by an enemy who had been elected sheriff of the adjoining county to where the defendant lives, and who was the officer that discovered the alleged still that was being operated in Dunklin County. This question, however, was settled by the verdict of the jury in the trial court.

A witness put on the stand by the State testified that he was in the employ of the defendant in operating the still, and testified to the possession of the product by himself as well as the defendant. This witness' character was attacked by the defendant but the jury evidently believed the state's principal witness and disbelieved the defendant on this issue.

It is contended by the appellant that because one of the jurymen was a relative of a witness whose name was endorsed on one of the informations he was disqualified under section 4111, Revised Statutes 1919. No cases whatever are cited to support this and we believe none exist. The witness was not the prosecuting witness, and apparently from the record was not even

called as a witness to testify in the case. We hold the point not good.

The next point raised in appellant's brief is that the record fails to show an arraignment, or plea, or sentence. This brief was evidently filed prior to the motion filed by the prosecuting attorney suggesting diminution of the record. The record as it now stands in this court, as corrected by the circuit clerk's full transcript, contains the alleged omissions.

Over the objection of defendant's attorney the trial court permitted one of the attorneys representing the prosecution to ask one of defendant's witnesses, on cross examination, the following question:

"Q. You were arrested for making whiskey in Arkansas, and Mr. Goodrich (another witness for defendant) went on your bond, didn't he?"

"Mr. Ward: We object; it is not competent to show that a man has been arrested."

"Court: I understand you can ask the witness any question that would affect his standing with the jury."

"Mr. Ward: We except."

This constitutes prejudicial error under the following authorities: Kribe v. United Order of Foresters, 191 Mo. App. 524, 177 S. W. 766, and State v. Tracy, 225 S. W. l. c. 524.

On account of the errors noted, we reverse the judgment and remand the cause. *Cox, P. J.,* and *Bradley, J.,* concur.