THE STATE v. J. P. HANCOCK, Appellant.—7 S. W. (2d) 273.

Division Two, May 25, 1928.

328

*Geo. D. Sloan* for appellant.

*North T. Gentry,* Attorney-General, and *Hibbard C. Whitehill,* Special Assistant Attorney-General, for respondent.

HENWOOD, C.—By an information filed in the Circuit Court of Ripley County, it is charged that appellant "did unlawfully, wilfully and feloniously *transport* hootch, moonshine, corn whiskey." Upon trial, the jury found him "guilty of *possessing* moonshine liquor,

as charged in the information," and assessed his punishment at a fine of $500. From the judgment and sentence based on this verdict, he appealed. (Above italics ours.)

In substance, the evidence offered by the State shows that, about ten o'clock on the evening of March 13, 1927, appellant drove a Ford car "in from the west" and parked the car "in front of Unterberger's store and Asel Worley's restaurant" in the city of Doniphan, in Ripley County. "He took two quart bottles of liquor out of the car and put one in a sack and stepped out." Immediately after he got out of the car, he was arrested by Joe Cochran, constable of Doniphan Township and night marshal of the· city of Doniphan, who was watching him at the time, and who testified to the facts above stated. Cochran further testified that, after arresting appellant, he searched him and found "an additional pint" of liquor in his pocket. Cochran tasted the liquor, at the trial, and said it was "moonshine." William McCourt, the sheriff, testified that he had tasted the liquor, and that it was "whiskey."

Appellant, testifying in his own behalf, admitted that he had "the whiskey" on his person, when arrested, but denied that it had ever been in his car. He said he bought it for $1.50, "three minutes" before he was arrested, "in behind the Ripley County Bank, from some fellow who had a handkerchief over his face." He further said: "I absolutely believe that Joe Cochran is the man that sold it to me. I did not want it, but he insisted that I buy it, and I bought it." On cross-examination, he admitted that he had had been convicted for carrying concealed weapons "twenty-five or twenty-six years ago."

Asel Worley testified that appellant was in his restaurant twice during the evening in question. He also said: "He (appellant) had just walked out at my door when he was arrested by the constable."

In rebuttal for the State, Joe Cochran said that he had not been back of the Ripley County Bank that night before he arrested appellant, and that he had "no personal feelings at all" against appellant.

I. The attack on the verdict in this case is well taken and must be sustained. As already indicated, appellant is charged with the *transportation* of "hootch, moonshine, corn whiskey." The verdict reads as follows:

"We, the jury in the above entitled cause, find the defendant J. P. Hancock guilty of *possessing* moonshine liquor as charged in the information and assess his punishment at $500 fine.

"JACOB HARDCASTLE, Foreman." (Italics ours.)

The offense charged is a felony, as defined by Section 21, Laws of 1923, page 242, and the offense of which appellant was found guilty is a misdemeanor, as defined by new Section 6588, Laws of 1921, page

414. It is therefore apparent, on the face of the record, that appellant was charged with one offense, and convicted of another offense. The general rule is that a verdict must be responsible to the issue tendered by the indictment or information and the plea of not guilty; otherwise, it is erroneous. [Sec. 12, Art II, Const. of Mo.; State v. Hinton (en Banc), 299 Mo. 507, 253 S. W. 722; State v. Burgess, 268 Mo. 407, 188 S. W. 135; State v. Miller, 255 Mo. 223, 164 S. W. 482; State v. Grossman, 214 Mo. 233, 113 S. W. 1074.] The defect in this verdict is not a mere informal one, which is corrected by the Statute of Jeofails. [Sec. 3908, R. S. 1919.] Nor is the offense charged one of a class of related offenses, in which a person may be charged with one offense and convicted of another or lesser offense, as provided in Sections 3690, 3692, 3693, Revised Statutes 1919. If the jury in this case had contented themselves with saying, in their verdict, that they found the defendant guilty "as charged in the information," the verdict would have been responsive, and entirely sufficient in form and substance. But, by their verdict, they say that they found him guilty "of possessing moonshine liquor," an offense not charged in the information.

II. The action of the jury, in returning an improper verdict, is explained by the action of the trial court in giving them the following instruction:

"If the jury find the defendant not guilty of transporting moonshine liquor, as defined in another instruction herein, then you may consider and determine whether or not the defendant is guilty of possessing intoxicating liquor, and you are instructed that if you find and believe from the evidence in this case that the defendant did not transport moonshine whiskey, but that, at the time and place mentioned in the evidence, the defendant did then and there have in his possession any quantity of moonshine whiskey, then you should find the defendant guilty and assess his punishment at a fine of not less than two hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail not less than thirty days nor more than one year, or at both such fine and imprisonment; and unless you do so find the facts to be, you should acquit the defendant."

For the reasons stated above, the trial court, by this instruction, misdirected the jury as to the law of this case, and by so doing, authorized a verdict not supported by the information, and a conviction which cannot be permitted to stand. This instruction was clearly erroneous. [Secs. 12, 22, 30, Art. II, Constitution of Missouri.]

III. The complaint is made, in the motion for a new trial, that the court erred in overruling appellant's application for a change of

332

venue. The record recites that two separate applications for a change of venue were filed and overruled, in succession, on the ▉▉ day this case was set for trial, but that part of the so-called bill of exceptions which relates to such applications and the affidavits filed in support of the same is commingled with the record proper and is incomplete. On the record before us, we are unable to consider this complaint advisedly, and, for that reason, will not consider it at all. [New Sec. 4102, Laws 1925, p. 199.]

IV. The assignments of error as to the admission and exclusion of evidence are general in character and do not specify any particular evidence, admitted or excluded. Under the present rule, such assignments present nothing for review on appeal. [New Section 4079, Laws 1925, p. 198; State v. Murrell, 289 S. W. 859.]

Other complaints relate to matters which will likely be avoided on another trial of the case, and we deem it unnecessary to consider such complaints in this opinion.

Because of the error of the trial court in giving the instruction above quoted, and the improper verdict induced thereby, the judgment is reversed and the cause remanded. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.