## THE STATE v. MODLIN, Appellant.

### Division Two, June 19, 1906.

1. **APPEAL: Bill of Exceptions: Not Reviewable.** When the motion for new trial is not preserved in the bill of exceptions, and there is no direction to the clerk to copy the motion in the bill, and the evidence is not embodied in the bill, only the record proper is before the appellate court for review.

2. **VERDICT: Special Finding: Not Responsive: Information: Accessary After Fact: Larceny.** The information charged defendant with feloniously receiving, concealing, etc., certain parties, knowing that they had committed larceny, with the intent and in order that the said parties might escape and avoid arrest, etc. The verdict was: "We the jury in the case of State vs. Charles Modlin, for harboring thieves, find the defendant guilty, and assess his punishment at two years in the state penitentiary." *Held*, that this verdict must be treated as a special finding and as such it is not responsive to the charge contained in the information.

3. **INFORMATION: As Appearing in Record: Appeal.** The appellate court is bound by the certified record, and where the information, as it appears in the record, is sufficient, errors contained in an erroneous copy of the information will not be considered.

Appeal from McDonald Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*J. W. George* and *J. A. Sturges* for appellant.

(1) Defendant was charged with being an accessory after the fact, and the jury found him guilty of harboring thieves. State v. DeWitt, 186 Mo. 61; 1 Bish. Crim. Proc. (3 Ed.), secs. 81, 82, 127, 128. (2) The information is insufficient in that it charges that before defendant could claim his exemptions from the statute creating the offense he is charged with violating he must be related as set out in the statute to both Eller and Winslo.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The information, which was accompanied by the affidavit of the prosecuting attorney, was sufficient. State v. Reed, 85 Mo. 194; R. S. 1899, sec. 2365; Kelley's Crim. Law, sec. 53. (2) The court can not review the evidence nor the instructions, because the motion for a new trial is not preserved in the bill of exceptions; neither is there any direction to the clerk to copy said motion. State v. Dunn, 73 Mo. 586; State v. Copeland, 146 Mo. 5; State v. Robinson, 79 Mo. 66; Reynolds v. Railroad, 146 Mo. 128.

GANTT, J.—The prosecuting attorney of McDonald county, on July 1, 1905, filed an information in the office of the clerk of the circuit court of said county,

duly verified, wherein and whereby he charged that "Floyd Eller and Joe Winslo in May, 1905, at said county, did feloniously take, steal and carry away one sorrel horse, the property of one Clay Robbins, and one saddle, the property of one H. H. Shover, of the value of thirty dollars, and that the defendant Charles Modlin, well knowing the said Floyd Eller and Joe Winslo to have committed the aforesaid felonies in manner and form aforesaid, afterwards, to wit, on the —— day of May, 1905, at said county, did, then and there, unlawfully, willfully and feloniously receive, conceal, harbor and maintain said Eller and Winslo with the intent and in order that they might escape and avoid arrest, trial, conviction and punishment; the said Charles Modlin then and there not standing in the relation of husband, or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity, to the said Eller and Winslo."

I. The information is grounded on section 2365, Revised Statutes 1899, which provides: "Every person not standing in the relation of husband or wife, parent or grand-parent, child or grand-child, brother or sister, by consanguinity or affinity, who shall be convicted of having concealed any offender after the commission of any felony, or of having given to such offender any other aid, knowing that he has committed a felony, with the intent and in order that he may escape or avoid arrest, trial, conviction or punishment, and no other, shall be deemed an accessory after the fact, and upon conviction shall be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding one year nor less than six months, or by fine not less than four hundred dollars, or by both a fine not less  than one hundred dollars and imprisonment in a county jail not less than three months."

Owing to the utter disregard of all the technical requirements in the preparation of the bill of exceptions in this cause, and in the certification of the record

proper, the transcript in this cause was returned in order to have the same show the inception of this prosecution and the various steps taken in the cause, so that we might understand the history of the various steps taken in the circuit court. It has again been certified to us with little or no improvement. Neither the evidence nor the instructions of the court can be reviewed because the motion for new trial is not preserved in the bill of exceptions, neither is there any direction to the clerk to copy said motion in the bill of exceptions. The oral evidence is not embodied in the bill of exceptions and consequently cannot be considered by this court. The record proper only is before us for review. The verdict is a part of the record proper, and is in this form: "We the jury in the case of State v. Charles Modlin, for harboring thieves, find the defendant guilty, and assess his punishment at two years in the State penitentiary." The point is made that the verdict on its face show that it is insufficient to sustain the judgment and sentence of the circuit court on the information against the defendant. By reference to the information itself and the statute, already noted, upon which it is founded, it will be seen that the defendant was charged with being an accessory after the fact in feloniously receiving, concealing, harboring and maintaining Floyd Eller and Joe Winslo, after they had feloniously taken, stolen and carried away the horse and saddle mentioned in the information, with the knowledge that the said Eller and Winslo had committed the said larcenies.

In the consideration of the sufficiency of this verdict, it must be borne in mind that it is well-settled law in Missouri that if the verdict, which is a part of the record, is not responsive to the issue, or is uncertain or indefinite, it is open for review on appeal or writ of error as a part of the record proper. Had the jury said, "We the jury find the defendant guilty," or had they said, "We the jury find the defendant guilty as

charged in the information," there being but one offense charged therein, it would have been a good general verdict, but the jury did not stop at that, but undertook to express themselves as to the nature of the case and the charge against the defendant which they had investigated, and that was, that they had tried him on a charge of "harboring thieves," and of that they found him guilty, and assessed his punishment at two years in the penitentiary. The jury might well have believed that Winslo and Eller were thieves, and that the defendant was "harboring them," that is to say, he was giving them shelter or lodging them, or entertaining them as his guests, and yet not have found that the defendant knew or had knowledge of their having stolen the horse of Robbins, prior to the time of giving them shelter in his house, and had they appreciated the charge in the information, they might well have refused to find him guilty of said charge. We can only look to their verdict to ascertain what they really found, and while the verdict is inartistically expressed, we think, taking the whole verdict together, that the jury found the defendant guilty of "harboring thieves" and nothing else. The gist of the offense charged against the defendant in this case is that he had knowledge of the commission by Eller and Winslo of grand larceny and after having such knowledge, knowingly and with the intent to aid them to escape or avoid arrest, concealed them, and to justify the jury in convicting the defendant in this case it was not enough simply to find the defendant was guilty of "harboring thieves," but it was essential that the jury should either find him guilty as charged in the information, or that they should find him guilty of having knowingly concealed the said Eller and Winslo with the intent to aid them to escape arrest and punishment for having stolen the horse of Clay Robbins. In view of the decisions of this court in State v. DeWitt, 186 Mo. 61, and State v. Cronin, 189 Mo. l. c.

670, 671, we think this verdict must be treated as a special finding and as such it falls far short of finding the material and essentials of the offense with which the defendant was charged in the information.

II. The information is assailed as insufficient because, it is asserted, it charged that before the defendant could claim his exemptions from the statute creating the offense with which he is charged, he must be related as set out in the statute to both Eller and Winslo.

The allegation of the information on this point is, after alleging the larceny of Eller and Winslo and feloniously receiving and aiding the said Eller and Winslo, with the intent that they might make their escape, "The said Charles Modlin then and there not standing in the relation of husband or wife, parent or grandparent, brother or sister, by consanguinity or affinity, to the said Floyd Eller or Joe Winslo." The learned counsel for the defendant in their copy of the information have inserted the word "*and*" instead of the word "*or*" between the words "Floyd Eller and Joe Winslo" and it is upon this use of the conjunctive, instead of the disjunctive, that their contention is based.

Of course, this court is bound by the certified record in this case and the record uses the disjunctive "or" instead of the conjunctive "and," and hence the very ingenious criticism and argument of the learned counsel for the defendant must be held to be based upon a misapprehension of the information, and our conclusion is that the information does not narrow any of the rights of defense given to the defendant by the terms of the statute under which he was prosecuted.

For the reason that the verdict, in our opinion, is not responsive to the information and is indefinite and uncertain, the judgment of the circuit court must be and is reversed and the cause remanded.

It would, of course, have been far more satisfactory to us to have examined and considered the evidence and the instructions together, but under the set-

tled rule of law, we are forbidden to do so. When an appeal is taken which involves the liberty of the defendant, his counsel should see to it that the record and the bill of exceptions are prepared in such a way as to require their consideration by the appellate courts. In this case the well-established practice has been ignored. We trust that in the future the judges of the criminal and circuit courts will require counsel to conform their bills of exceptions to the long-established and easily-observed formulas that have so long prevailed in this State.

Judgment reversed and cause remanded.
*Burgess, P. J.,* and *Fox. J.,* concur.