## THE STATE v. CARLISLE GRIFFIN, Appellant.

### Division Two, June 3, 1919.

1. **VERDICT: Special: Essential Elements.** A special verdict should find all the essential elements of the offense charged, and if it fails to do so it will not support a judgment.

2 ———: ———: ———: **Concealing Mortgaged Chattels.** A verdict reciting that "we, the jury in the above entitled cause, find the defendant guilty of feloniously, wilfully and unlawfully removing and concealing personal property, covered by a chattel mortgage, and assess the punishment at six months in jail," is a special verdict, and being such is insufficient to support a judgment, since it fails to find all the essential elements of the offense, among others that the act was done "with intent to hinder, delay or defraud the mortgagee," an element made essential by the statute (Sec. 4570, R. S. 1909).

3. **INSUFFICIENT EVIDENCE: When Defendant Will Be Discharged.** When the record upon appeal is such as to make it reasonably apparent that evidence sufficient to sustain a conviction cannot be produced upon a retrial, defendant will be discharged or ordered discharged; but where the question is close or debatable, and it cannot be foreseen what evidence a retrial will bring forth, the defendant will not be discharged, but the judgment will be reversed and the cause remanded.

Appeal from St. Louis City Circuit Court.—*Hon. John W. Calhoun*, Judge.

REVERSED AND REMANDED.

*Frank C. O'Malley* for appellant.

(1) Instruction 3 is erroneous because there is no evidence whatever of intent in this case, and the intent is not to be presumed, but must be proved like any other issue in the case. (2) The verdict of the jury in this case is insufficient to support the conviction because it is a special verdict and fails to find all of the elements of the alleged crime, and is not responsive to the infor-

mation. (a) It fails to find whether the defendant re-
moved or concealed a Ford touring car, but finds him
guilty of concealing "personal property." (b) It fails
to find the value of the alleged personal property.
(c) It fails to find that the removal and concealing
was done with the intent to hinder, delay or defraud.
(d) In failing to find the value of the property it fails
to find whether defendant is guilty of a felony or misde-
meanor. (e) It finds the defendant guilty of removing
and concealing, whereas the statute does not define any
such crime, but does define the crime of removing or
concealing, and by this verdict defendant is convicted
of either or both. Sec. 4570, R. S. 1909; State v. DeWitt,
186 Mo. 61; State v. Cronin, 189 Mo. 663; State v.
Grossman, 214 Mo. 233; State v. Holland, 162 Mo. App.
678; State v. Gibson, 111 Mo. 92; Pinson v. Campbell,
124 Mo. App. 260; State v. Pierce, 136 Mo. 34; State v.
Reeves, 208 S. W. 87; State v. Jones, 114, Mo. App. 343;
State v. Pollock, 105 Mo. App. 273. (3) The court erred
in not sustaining defendant's demurrer to the evidence.
State v. Miller, 255 Mo. 223; State v. Fowler, 265 Mo.
190; State v. Miller, 234 Mo. 588; State v. Bass, 251,
Mo. 107; State v. King, 174 Mo. 647; State v. Jones,
106 Mo. 302.

*Frank W. McAllister,* Attorney-General, and *S. E.
Skelley,* Assistant Attorney-General, for respondent.

(1) The evidence in this case is sufficient to estab-
lish the *corpus delecti.* (a) Full proof of the *corpus
delecti* independent of corroborating circumstances
thereof is not required. 16 C. J. 772; State v. Patter-
son, 73 Mo. 712; State v. Coats, 174 Mo. 417; State v.
Wooley, 215 Mo. 672; State v. Knowles, 185 Mo. 176;
State v. Henderson, 186 Mo. 484; State v. Young, 237
Mo. 177; State v. Skibiski, 245 Mo. 463; State v. Vinton,
220 Mo. 98. (b) Admission, declarations and confessions

may be considered in connection with other independent evidence in determining whether the *corpus delecti* is sufficient proved. 16 C. J. 772; State v. Cox, 264 Mo. 413; State v. Knowles, 185 Mo. 176; State v. Coats, 174 Mo. 417. (c) "Concealing" mortgaged property is an intentional handling and shifting of same in such a manner as to mislead or confuse the mortgagee in his efforts to find it. State v. Taylor, 90 Kan. 443; State v. Miller, 74 Kan. 667; Clement v. Dudley, 42 N. H. 367; State v. Ward, 49 Conn. 429; Polk v. State, 60 Tex. Crim. 150. (d) There is no invariable rule as to the quantity of proof necessary to establish the *corpus delecti,* and each case must depend in a measure on its own particular circumstances. 16 C. J. 773; People v. Goodwin, 263 Ill. 99. (e) Particular intent may be proved by direct or circumstantial evidence. 16 C. J. 774; Kelly, Crim. Law & Procedure, sec. 244. (f) It is for the jury to say whether the corroborating facts and the confession or admission taken together excludes from their minds all reasonable doubt of the defendant's guilt. State v. Skibiski, 245 Mo. 464; State v. Patterson, 73 Mo. 713; State v. Coats, 174 Mo. 417; State v. Lamb, 28 Mo. 231.

WILLIAMS, P. J.—In the Circuit Court of the City of St. Louis, defendant was tried and convicted of the crime of removing and concealing personal property covered by chattel mortgage. The punishment was fixed at six months' imprisonment in the city jail, and defendant has duly perfected an appeal.

The evidence upon the part of the State may be summarized as follows:

In May, 1916, the Weber Motor Car Company, a corporation located at 2217 Locust St., St. Louis, Mo., sold to the defendant for the sum of $300, one second-hand Ford automobile. Defendant paid $125 in cash and gave his notes for the balance, securing the same

by a chattel mortgage on the automobile. By subsequent payments defendant reduced the mortgage indebtedness to the sum of $126.27. In May, 1917, after having written numerous letters to defendant concerning the payment of the balance then overdue, representatives of the mortgagee called upon and talked to defendant at his place of business on Delmar Avenue. They requested that defendant either pay the balance of the mortgage indebtedness or surrender the car. He replied that he could neither pay the notes nor deliver the car. He finally said that he would give up the car, and that it would be found at the back of his residence on Pendleton Avenue. The representatives of the mortgagee then went to defendant's residence and made a search of the premises, but were unable to find the car. A short time thereafter a representative of the mortgagee again called upon defendant, demanding either the money or the car, and in that conversation told the defendant that the mortgagee had been unable to find the car at defendant's residence, the place where defendant told them it could be found. Defendant then said: "I cannot tell you where the car is, I do not know."

Defendant did not offer any evidence. The jury returned the following verdict:

"We, the jury in the above entitled cause, find the defendant guilty of feloniously, willfully and unlawfully removing and concealing personal property, covered by a chattel mortgage, and assess the punishment at six months in the city jail."

I. Appellant contends that the verdict is insufficient to support the judgment, in that it is a special verdict and fails to find all of the elements of the alleged crime. The learned Attorney-General confesses error in this regard.

Verdict.

We are of the opinion that the point is well taken. The verdict is a special verdict. [State v. Modlin, 197 Mo. 376.] Being a special verdict is should find all the essential elements of the offense. [State v. Bishop, 231 Mo. 411.] One of the essential elements of the offense is that the act must have been done "with intent to hinder, delay or defraud such mortgagee." [Sec. 4570, R. S. 1909.]

The verdict is also defective in other respects, but the foregoing is sufficient to show the insufficiency of the verdict, and to cause a reversal of the judgment.

II. Appellant further contends that the evidence is insufficient to sustain a conviction of the alleged offense and that therefore the judgment should be reversed and the defendant discharged.

When the record upon appeal is such as to make it reasonably apparent that evidence sufficient to sustain a conviction cannot be produced upon a retrial it is and should be the practice to order the defendant discharged; otherwise, the cause should be remanded to be tried anew, if the officers charged with that duty deem further prosecution of the cause advisable. [State v. Elsey, 201 Mo. 561, l. c. 572.] Whether the evidence in the present record is sufficient is rather a close and debatable question. What evidence a retrial may bring forth we have no way of knowing. We think the facts shown by the present record are at least not such as to make it reasonably apparent that a case cannot be made. It therefore follows that the judgment should be reversed and the cause remanded.

It is so ordered. All concur.