THE STATE v. SAMUEL A. MITNICK, *alias* SAM MEYERS, *alias* SAM MASSELL, Appellant.—96 S. W. (2d) 43.

Division Two, June 30, 1936.

*Sigmund M. Bass* for appellant; *Verne R. C. Lacy* of counsel.

*Roy McKittrick*, Attorney General, and *Drake Watson*, Assistant Attorney General, for respondent.

COOLEY, C.—By information filed in the Circuit Court of the City of St. Louis the defendant was charged with having violated the Missouri Securities Act by engaging in the business of selling securities without being registered as a dealer. He was convicted, sentenced to five years' imprisonment in the penitentiary and has appealed.

The State's evidence tended to show that defendant sold to one L. M. Carson twenty-five shares of stock issued by the NuGrape Fruit Company, a foreign corporation. Defendant was not registered as a dealer or salesman. He represented to Carson that the stock was worth $22.50 to $25 per share. Carson signed an agreement to buy the stock and gave defendant in consideration therefor $25 in cash and a lot of old stock certificates for stock, practically worthless, in several corporations. He testified that he never received the NuGrape stock, but the transaction constituted a sale as defined in the Securities Act. The State also proved similar sales, not charged in the

information, made by defendant to three other persons; this, evidently, on the theory that in order to show an engaging in the business of selling securities it was necessary to prove more than one sale.

I. The information herein attempts to charge violation of Section 7744, Revised Statutes 1929 (Mo. Stat. Ann., p. 7391), which is part of an act passed in 1929, known as the Missouri Securities Act, now constituting Chapter 40, Sections 7724 to 7757, inclusive, Revised Statutes 1929 (Mo. Stat. Ann., pp. 7370 et seq.). The portion of said Section 7744 alleged to have been violated reads:

"No dealer or salesman shall engage in business in this state as such dealer or salesman or sell any securities including securities exempted in Section 7726 of this chapter and excluding those mentioned in Section 7727 of this chapter, unless he has been registered as a dealer or salesman in the office of the commissioner pursuant to the provisions of this section."

By Section 7748 such violation is made a felony, punishable by a maximum penalty of five years' imprisonment in the penitentiary.

Section 7744 provides at length and in detail for the registration in the office of the supervisor of corporation registration, called "Commissioner," of dealers in and salesmen of securities, but it does not define "dealer" or "salesman." Those and other terms are defined in Section 7724.

" 'Dealer' shall include every person other than a salesman who in this state engages either for all or part of his time directly or through an agent in the business of selling securities issued by another person or purchasing or otherwise acquiring such securities from another for the purpose of reselling them or of offering them for sale to the public, or offering, buying, selling or otherwise dealing or trading in securities as agent or principal for a commission or at a profit, or who deals in futures or differences in market quotations of prices or values of any securities or accepts margins on purchases or sales or pretended purchases or sales of such securities; *provided* that the word 'dealer' shall not include a person having no place of business in this state who sells or offers to sell securities exclusively to brokers or dealers actually engaged in buying and selling securities as a business."

By paragraph (c) of Section 7727 it is provided that the act shall not apply to the sale of any securities "In an isolated transaction in which any security is sold . . . by the owner thereof, . . . such sale . . . not being made in the course of repeated and successive transaction of a like character by such owner. . . ."

Omitting formal parts and the allegation of a former conviction, not here material, the information, after alleging that the defendant was not registered as a dealer in or salesman of securities, charges

that he "did then and there unlawfully, knowingly, willfully and feloniously engage in the business of selling securities as a dealer in securities, and, knowingly, willfully and feloniously, then and there, directly and personally, for and in consideration of the sum of, to-wit: twenty-five dollars, lawful money of the United States, and certain securities known as forty-nine shares of the stock of the Central Petroleum Corporation and other stocks and securities, the description of which is unknown to this affiant, then and there had, received and acquired by him, the said Samuel A. Mitnick *alias*, etc., from one L. M. Carson he, the said Samuel A. Mitnick *alias*, etc., unlawfully, knowingly, willfully and feloniously did sell to said L. M. Carson certain securities to-wit: twenty-five shares of stock known as stock issued by the NuGrape Company of America."

Summarized, the information charges that defendant "did . . . engage in the business of selling securities as a dealer in securities and . . . did sell" to L. M. Carson, at one time, certain named securities.

Appellant contends that the information fails to allege facts sufficient to charge an offense;—a contention with which we agree. Respondent urges that it follows the language of the statute and is sufficient. We have often held indictments and informations sufficient which charged statutory offenses in substantially the language of the statutes creating them, when the statute in question set forth the constituent elements of the offense. But the statement that a statutory offense may be charged in the language of the statute cannot be applied indiscriminately. The rule is thus stated in State v. Kentner, 178 Mo. 487, 493, 77 S. W. 522, quoting from Wharton's Criminal Pleading and Practice (9 Ed.), section 220:

"'On the general principles of common-law pleading, it may be said that it is sufficient to frame the indictment in the words of the statute, in all cases when the statute so far individuates the offense that the offender has proper notice, from the mere adoption of statutory terms, what the offense he is to be tried for really is. But in no other case is it sufficient to follow the words of the statute. It is no more allowable, under a statutory charge, to put the defendant on trial without specification of the offense, than it would be under a common-law charge.'"

In State v. Wade, 267 Mo. 249, 256, 183 S. W. 598, 599, this court en banc, said: "The organic law entitles every person charged with crime to be informed of the nature and cause of the accusation against him, and . . . in criminal pleading nothing material can be left to intendment or implication. Where a crime is created by statute, the charge must be such as to specifically bring the accused within the material words thereof." In the same case it is further

said that the State cannot prove what it has not properly alleged; and in State v. Wolfner, 318 Mo. 1068, 1077, 2 S. W. (2d) 589, 592, the court en banc said: "For the purpose of determining the sufficiency of the information what is not alleged therein does not exist."

Tested by these principles the information before us is insufficient. It attempts to charge defendant with having *engaged in the business* of selling securities, *as a dealer* and with having made a sale as such dealer. But one sale is charged to have been made. The statute, Section 7724, defines a dealer as a person engaged in the businesses therein referred to "for all or a part of his time," an allegation not found in the information. But assuming, without deciding, that a charge of being "engaged in the business" would necessarily include being so engaged for "all or a part" of the time, we think it obvious, from the wording of that section and other provisions of the statute, some of which we have quoted, that making a single sale would not amount to engaging in the business of selling within the intendment of the statute, and would not constitute an offense unless made by defendant *as a dealer*. The learned Assistant Attorney General who briefed the case here seems to concede, as apparently did the State's representative below, that it was necessary to prove more than one sale in order to sustain the charge that defendant engaged in the business of selling as a dealer. Otherwise proof of other sales than the one charged would not have been offered.

Section 7744 prohibits "dealers" from engaging in business as such dealers or selling securities, but it does not define "dealer." For the meaning of that term as used in Section 7744 we must look to Section 7724. By the terms of said Section 7724, one may be a dealer in several different ways. He is a dealer if, for all or part of his time, he is engaged in the business of: First, selling securities *issued by another person*; or, second, acquiring securities for the purpose of resale; or, third, offering, buying, *selling*, etc., as agent or principal for a commission or at a profit; or in other ways not necessary here to consider. In order for him to have been a dealer under the first above specification the securities dealt in must have been issued by another person. The information does not so allege. The allegation that the securities sold to Carson were "known as stock issued by the NuGrape Company of America" refers to the individual sale alleged to have been made to Carson and not to the "business of selling securities as a dealer in securities," in which defendant is alleged to have been engaged. Under the third specification defendant was a dealer if he was engaged in the business of selling securities "as agent or principal for a commission or at a profit," but it is not alleged that he so sold. Without further analyzing the statute it may be said that there are no *facts* alleged in the information showing that defendant was a dealer, and therefor within the prohibi-

tion of Section 7744 and subject to the severe penalty provided by Section 7748. There is but a statement of the pleader's *conclusion*, without the allegation of any facts upon which the conclusion is based; and insofar as the information purports to follow the language of Section 7724, which defines "dealer," it omits material portions thereof, as we have pointed out.

In State v. Summerland (Minn.), 185 N. W. 255, the court had before it a similar question. The Minnesota statute and ours, though not in all respects alike, are similar so far as concerns the question here involved. The defendant in the Summerland case was indicted as a dealer in securities and with having, as such dealer, made an unlawful sale of securities. In that case as in the one before us, only one sale was charged, and, other than that one sale, no facts were alleged showing that the defendant was a dealer. It was held that the allegation of a single transaction was not sufficient to show that the defendant was a dealer within the meaning of the statute and that sufficient facts should have been stated to show that he was such dealer. The indictment was held insufficient.

Sections 7724 and 7744 are parts of the same legislative act and since the former defines the term "dealer" and prescribes what shall constitute being a dealer and the latter section uses the term "dealer" without defining it, the two sections must be read together in order to determine the facts which constitute violation of the statute. The information should allege sufficient facts to show that defendant was a dealer within the meaning of the statute and to bring him within the prohibition thereof. It is not sufficient merely to allege the conclusion that he was a dealer.

II. The judgment must be reversed for another reason, viz., the verdict is insufficient. Omitting caption and signature, it reads:

"We the Jury in the above entitled cause, find the defendant guilty of dealing in Securities when not a registered dealer, and assess the punishment at imprisonment in the Penitentiary for five (5) years."

It is clearly a special verdict. [See State v. Griffin, 278 Mo. 436, 212 S. W. 877; State v. Modlin, 197 Mo. 376, 379, 95 S. W. 345; State v. Thompson (Mo.), 29 S. W. (2d) 67, 69; State v. Pollock, 105 Mo. App. 273, 79 S. W. 980.] Being a special verdict it should find all the essential elements of the offense. Cases cited supra in this paragraph. Furthermore, a verdict must be responsive to the issues submitted, and "it must be precise and clearly show the offense of which the defendant is found guilty, either by reference to the indictment or by a specific statement of the elements constituting the offense." [State v. Hinton, 299 Mo. 507, 512, 253 S. W. 722, 723.]

In this case the verdict does not find the defendant guilty as charged in the information. It finds him "guilty of dealing in securities."

He was charged with having engaged in the business of selling securities as a dealer in securities. Not only is the verdict not responsive to the charge but, patently, it fails to find all the essential elements of the offense charged.

III. At the trial the prosecution, over defendant's strenuous objections, stressed the age of the persons to whom defendant had sold securities, they being elderly men, and also proved that much of the stock defendant had sold them had never been delivered. Such evidence doubtless gave the jury the impression that defendant had defrauded the persons to whom he had sold stock, an offense not charged and for which he was not on trial, and may have contributed to the severity of the punishment assessed. It was immaterial and should not have been introduced. The sales were all evidenced by written contracts which, under the provisions of the statute, paragraph (d) of Section 7724, supra, constituted sales within the meaning of the Securities Act whether delivery of the stock certificates was made or not.

The judgment of the circuit court is reversed and the cause is remanded. *Westhues* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.