GATES *v.* MEREDITH.

In relation both to contracts and crimes, the general rule is now settled, that a degree of mental incompetency which disqualifies the party from doing an act intentionally and knowingly, though produced by habits of intemperance, will exempt him from responsibility.

In slander, under an answer containing a general denial of the complaint, the defendant, in order to disprove malice or mitigate the damages, may prove that when the words were spoken, his mind was so besotted by intemperance and his character so depraved, that no one who knew him would have regarded what he said, or have given credence to any slanderous words he might have uttered.

*Wednesday,*
*May 28.*

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Action for slander. The plaintiff complained that the defendant had accused him of larceny.

The defendant answered, denying the complaint, and also alleging incompetency, at the time when, &c., of making a malicious charge against any one, on account of drunkenness. The plaintiff replied, denying the incompetency from drunkenness, &c.

On the trial the defendant offered to prove, "that at the time of the speaking of the words complained of, the defendant's mind was so besotted by a long course of dissipation, and his character so depraved, that no one who knew him would pay any attention to what he might utter, or give any credence whatever to any slanderous

charge he might make;" but the Court refused to permit the proof.

"To besot," is to stupefy, to make dull or senseless, to make to dote; and "to dote," is to be delirious, silly, or insane. These are some of the meanings. See *Webster*.

The law is now settled, as the general rule, that mental incompetency intentionally and knowingly to perform an act, though produced by a course of intemperance, exempts from legal responsibility for such act. This rule is made to apply to contracts and to crimes. *Taylor's* Med. Jur. 653. It must apply in cases of slander. Slander must be malicious. An idiot or lunatic, no matter from what cause he became so, can not be guilty of malice. He may indulge the anger of the brute, but not the malice of one "who knows better."

*Greenleaf* goes farther. He says, (vol. 3, s. 6), "so where the question is, whether words have been uttered with a deliberate purpose, or are merely low and idle expressions, the drunkenness of the person uttering them is proper to be considered."

We think the evidence might have been given under the general denial of the complaint, touching the questions of malice and damages. See *Abrams* v. *Smith*, 8 Blackf. 95.—*Lovejoy* v. *Iseley*, id. 462.—*Brown* v. *Brooks*, 3 Ind. R. 518.—*Doe* v. *Harter*, 1 Ind. R. 427, and again in 2 Ind. R. 252.—3 Blackf. 51.—6 Blackf. 240.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Robinson*, for the appellant.

*J. S. Scobey* and *W. Cumback*, for the appellee.