THE STATE v. ALCORN, *Appellant.*

Division Two, January 19, 1897.

1. **Criminal Law**: ATTEMPT TO RAPE: SUFFICIENCY OF EVIDENCE. On trial for an attempt to rape the evidence showed that the prosecutrix was thirteen years of age and on her way to school; that when she reached a place near defendant, who was sitting under a tree, she noticed that his trousers were unbuttoned; that she started to run; that defendant caught her by the skirts and pulled up her clothing when someone seeing them gave an alarm and defendant ran away, *Held,* sufficient to warrant a verdict of guilty of an assault with intent to rape.

2. ——: ——: COMMON ASSAULT. It was not error to refuse an instruction on common assault.

3. ——: ——: DRUNKENNESS. Evidence of defendant's being drunk before or at the time of the assault was not admissible.

*Appeal from Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

AFFIRMED.

*Isaac B. Kimbrell* for appellant.

(1)   It is the duty of the trial court to instruct on the low grades of the offense which the evidence tends ·to prove. *State v. Turlington*, 102 Mo. 642.   (2) In-.struction number 9 does not define either an assault or a rape.   Furthermore it is erroneous in that it assumes that the witness Ola B. Sanders was under fourteen years of age.   (3) The court should have instructed on common assault. *State v. Banks*, 73 Mo. 592; *State v. Murphy*, 14 Mo. App. 73.

*R. F. Walker*, attorney-general, and *Morton Jourdan*, assistant attorney-general, for the state.

(1)   It is complained that the court admitted illegal testimony on the part of the state; yet the record fails to show that any of the testimony offered on the part of the state, to which objection was made, was admitted.   Inasmuch as allegations in motions for new trial unsupported by the record do not prove themselves, this will not avail the defendant. *State v. Foster*, 115 Mo. 448.   (2) A defendant charged with committing a crime will not be permitted to show his drunkenness either to excuse or mitigate the offense. *State v. Murphy*, 118 Mo. 7; *State v. Riley*, 100 Mo. 493; *State v. Carter*, 98 Mo. 176.   (3) It is next complained that the court committed error in failing to instruct the jury upon all questions of law arising from the testimony.   This is not true.   The instructions given by the court covered every issue presented by the testimony and the indictment.   However, if it

State v. Alcorn.

were true, the defendant is in no position to complain, for the reason that he failed to except at the time to the action of the court in failing to so instruct the jury. *State v. Paxton*, 126 Mo. 500; *State v. Cantlin*, 118 Mo. 111. (4) Complaint is made of instruction number 9 given on the part of the state. This instruction was in the usual form, following the indictment and the statute, and is not subject to the criticism suggested by the appellant.

GANTT, P. J.—The testimony shows that the prosecutrix resided with her father at 3024 Harrison street, in Kansas City, Missouri; that on the eighth day of May, 1896, she attended the Longfellow public school at the corner of Twenty-ninth and Holmes streets, which was in the vicinity and a little northwest of her home; that upon the dismissal of school at noon, on the eighth, she went, as she was accustomed to do, to her home for lunch; that upon her return, at 12:30 o'clock, and after she had crossed Thirtieth street on Harrison, she noticed defendant sitting under a tree some eight or ten feet from the walk; that when she reached a point on the walk opposite to defendant she noticed that his pants were unbuttoned in front and his private parts exposed; that she became alarmed and attempted to run; that the defendant grabbed at her but missed her, then attempted to trip her by throwing his foot in front of her; that the defendant then grabbed her by the skirts, pulled up her dress and underclothing, when somebody in the neighborhood who saw it screamed. The defendant then released her and ran up Thirtieth street. After being pursued several blocks he was caught by some workingmen who were engaged at that time in the construction of a house near where the attempted rape occurred. The testimony shows that Mrs. Macfar-

land, who lived at 2923 Holmes street, was standing at her window and saw the defendant grab the child and saw her fighting him, and that she screamed for him to let her go. It is shown by the witnesses who captured the defendant that when they got to him he was engaged in buttoning up his breeches. *The uncontroverted testimony is that the child is thirteen years of age.* It is shown that when the defendant was captured his excuse for his conduct was that he was drunk, but the testimony fails to show that he was in that condition.

I.    There can be no reasonable doubt that the foregoing evidence was amply sufficient to justify a verdict of guilty of an assault with intent to commit a rape. There is no force in the claim that the court should have instructed for a common assault. The evidence admits of one interpretation only. Defendant was guilty of an assault with intent to rape the child or he was not guilty, and the court did right to refuse to invite the jury to pardon his flagrant offense by finding him guilty of a common assault.

II.    No error was committed in the ninth instruction for the state. It was in the usual and often approved form. No other instruction was challenged . in the motion for new trial.

III.    There was no error whatever in excluding the evidence tendered by defendant through his sister, tending to prove he was intoxicated that morning about 8 or 9 o'clock. His drunkenness if shown at the time of his assault would have constituted no defense whatever, much less was the excuse that he had been indulging too much five or six hours before the assault, and without the pretense or offer to show it had continued up to the time of his unlawful and indefensible conduct. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.