## BRIDGEMAN *v.* STATE.

### Opinion delivered November 1, 1920.

1. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.—The legal sufficiency of evidence to support conviction must be tested by the evidence in favor of the State.

2. LARCENY—JURY QUESTION.—Whether defendant's claim that he owned the logs he was charged with stealing was made in good faith *held* a question for the jury.

3. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain conviction of grand larceny.

4. LARCENY—INSTRUCTION.—In a prosecution for larceny of sawlogs, an instruction that if the jury found that the defendant took the logs, but at the time claimed ownership thereof and manifested ownership by words and acts, then this would rebut any taking, was properly refused, as disregarding the element of good faith in the taking.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Brundidge & Neelly* and *G. G. McKay,* for appellant.

The evidence is wholly insufficient to support a verdict of guilty and the judgment should be reversed because—

1. The requested peremptory instruction for defendant should have been given, there was no evidence to establish ownership of the logs in the Augusta Cooperage Company. The allegation of ownership was material and must be proved as alleged. 97 Ark. 1; 102 *Id.* 627.

2. The proof failed to show any felonious intent on part of defendant. 162 S. W. 771; 68 Ark. 533.

3. It is not shown that any larceny was committed.

4. The court erred in refusing instruction No. 6 for defendant. 139 Ark. 388.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. There was some evidence to support the verdict and it was not error to refuse the peremptory instruction for appellant. 140 Ark. 254.

2. The felonious intent was shown, for he took timber belonging to another, the Augusta Cooperage Company. The facts were all put before the jury and they accepted the State's theory of a felonious intent. 34 Ark. 433.

3. The State proved a larceny had been committed and there was no error in refusing instruction No. 6.

HART, J. J. B. Bridgeman prosecutes this appeal to reverse a judgment of conviction against him for the crime of grand larceny charged to have been committed by stealing thirty saw logs of the value of $200, belonging to the Augusta Cooperage Company, a domestic corporation. The principal ground relied upon for a reversal of the judgment is that the evidence is not legally sufficient to support the verdict.

The superintendent of the Augusta Cooperage Company was a witness for the State. According to his testimony the company had a lot of logs cut on what is known as the Roetzel land in White County, Arkansas, and they had been lying on the ground since the fall of 1919. When they were cut there was a wire fence around the land, and none of the logs had been sold by the company.

Another servant of the company, who worked in the woods for it at the time, was a witness for the State. According to his testimony, in October, 1919, the company had cut down on the Roetzel land between 400 and 500 logs, consisting mainly of gum, elm and hackberry. The witness had been notified by another servant of the company that some logs had been taken from the land that belonged to the company. This was in the latter part of May, 1920. The whole country for several miles around at that time was covered with water to a depth of from two and one half to seven feet. There was a

gate in the fence on the Roetzel land, and just outside of the gate there was a tree down in the water which had been cut in two and dragged around in order to let a raft of logs out through the gate. The raft of logs made a trail which was easily followed. All along the trail there were marks on the trees of a spike pole which had been used to shove the raft along. In places the branches of the trees had been cut away in order to allow the free passage of the raft. The trail was quite plain and easily followed. There was no other log trail or float road around there. The witness and three other parties followed this trail for about three miles until they came up with a raft of thirty logs in the possession of the defendant and his employees. The logs were four abreast and placed behind each other in raft formation. None of the logs were marked or branded and they appeared to the witness to have been cut for several months. They appeared to be old logs.

Two deputy sheriffs and another servant of the company who followed the trail with this witness corroborated his testimony in every particular. In addition, one of the witnesses testified that he had been employed to watch the logs of the company on the Roetzel land. According to his testimony, he saw the defendant and another person push into the overflow four logs belonging to the company. These logs were on the Roetzel land, and the defendant was floating them away. He notified the company of this fact, and subsequently he and the other parties named above followed the trail where it went out through the gate on the Roetzel land until they caught up with the defendant in charge of a raft of thirty logs as above stated.

The defendant introduced testimony tending to show that the logs found in his possession belonged to him and that they had only been cut about two months. But, inasmuch as the legal sufficiency of the evidence to support the verdict must be tested by the evidence in favor of the State, we need not abstract the testimony for the defendant.

Counsel for the defendant in argument call attention to the fact that several witnesses for the defendant testified that they had examined the logs found in the possession of the defendant, and that they had not been cut more than two months. They claim that this testimony is not disputed. Therefore they insist that the logs in question could not have been owned by the Augusta Cooperage Company, because, according to the witnesses for the State, the logs belonging to that company had been cut in October, 1919, and the logs were found in the possession of the defendant in the latter part of May, 1920.

We think counsel are mistaken in contending that the testimony that the logs in question had not been cut longer than two months is uncontradicted. One of the witnesses for the State testified that he examined the logs when they overtook the defendant, and that the logs in the raft appeared to be old logs. This testimony tended directly to contradict the testimony of the witnesses for the defendant to the effect that they were freshly cut logs. The other testimony for the State also tended in the very nature of things to contradict it.

Again, it is contended that there is no testimony tending to show that the logs belonged to the Augusta Cooperage Company. We can not agree with counsel in this contention. It is true, as contended by them, that there was no mark or brand upon any of the logs by which to identify them, but they were identified by other means. One of the witnesses for the State testified that he saw the defendant and another person take four logs and push them out into the overflow from the lands of the company. He said that these logs belonged to the company. The value of the whole thirty logs was shown to be about $200, and it is fairly inferable that four of them would be worth more than $10. There was a plain trail from a gate in the fence which marked the boundary line of the lands on which the company's logs were situated to the place where the defendant was found in possession of the raft of logs. A witness for the State

testified that they examined the surrounding country for other float roads, and that there were none other than the one they traveled from the company's land and overtook the defendant in possession of the raft of logs. This was also evidence of a substantial character tending to show that these logs had been taken from the company's land by the defendant. It is true the defendant claimed he owned them, but whether he made this claim in good faith was, under the circumstances adduced in evidence, a question for the jury. The jury has said by its verdict that it believed the witnesses for the State, and the testimony was legally sufficient to warrant the verdict.

Again, it is contended by counsel for the defendant that the court erred in refusing to give instruction No. 6 asked by him. The instruction reads as follows: "The jury are instructed that if you find from the evidence that the defendant took the logs in question, but at the time of taking the same claimed ownership thereof and manifested said ownership by words and acts at the time, then this would rebut any felonious taking under the law, and you will find the defendant not guilty."

The court was right in refusing to give this instruction. It made it the duty of the jury to find the defendant not guilty if the defendant, at the time he took the logs, claimed to own them and manifested his ownership by words and acts at the time, regardless of whether he did this in good faith. If this were the law, one intending to steal property could always avoid conviction by pretending at the time to own the property. The question of whether the defendant's claim of ownership was made in good faith was submitted to the jury in other instructions, and this was all the defendant was entitled to. It follows that the judgment must be affirmed.