THE STATE v. JOHN SYKES et al., Appellants.

Division Two, December 1, 1920.

INFORMATION: Verification: Complaint. A complaint verified by the oath of the prosecuting witness, charging defendants with the offense stated in the information, filed before a justice of peace and by him, after the preliminary examination, transmitted to the clerk of the circuit court, is not sufficient to support an information subsequently filed by the prosecuting attorney, but not verified by him, nor by some person competent to testify as a witness in the case. [Following State v. Lowhorn, 250 Mo. 293.]

Appeal from Perry Circuit Court.—*Hon. Peter H. Huck,* Judge.

REVERSED AND REMANDED.

State v. Sykes.

*Edward Robb* for appellants.

The information in this case is not verified by the oath of the prosecuting attorney, or by the oath of some person competent to testify as a witness in the case, or supported by the affidavit of such witness. The complaint filed before the justice of the peace, for the purpose of preliminary examination, having served its purpose, could not supply the place of the required statutory oath, or affidavit. The motion to quash the information should, therefore, have been sustained. State v. Lawhorn, 250 Mo. 293.

*Frank W. McAllister,* Attorney-General, and *J. W. Broaddus,* Assistant Attorney-General, for respondent.

The information in this case is not verified by the oath of the prosecuting attorney, or by the oath of some other person competent to testify as a witness in the case, nor is it supported by the affidavit of such witness filed with the information. Appellant specifically called the court's attention to this defect in his motion to quash the information, but to no avail and has properly preserved the point for review. In view of the fact that this court passed upon this identical question in the case of State v. Lawhorn, 250 Mo. 293, and that the statute (Sec. 5057, R. S. 1909) then in force remains the same, we feel constrained to admit the error complained of and suggest that the judgement be reversed and the cause remanded.

WALKER, J.—Appellants were charged by information in the Circuit Court of Perry County with robbery in the first degree. Upon a trial they were found guilty and their punishment assessed in each instance at five years' imprisonment in the penitentiary. From this judgment they appeal.

A complaint verified by the oath of the prosecuting witness was filed before a justice of the peace charging

appellants with the offense stated. This complaint, with the other papers in the case, was, after the preliminary examination, transmitted to and lodged with the Clerk of the Circuit Court. The prosecuting attorney thereupon filed an information stated to be on his oath of office, but not so verified. Nor was it verified by the oath of some person competent to testify as a witness. This was not a sufficient compliance with Section 5057, Revised Statutes 1909, which provides that: "Informations may be filed by the prosecuting attorney as informant during term time, or with the clerk in vacation, of the court having jurisdiction of the offense specified therein. All informations shall be signed by the prosecuting attorney and be verified by his oath or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person, which shall be filed with the information; the verification by the prosecuting attorney may be upon information and belief. The names of the witnesses for the prosecution must be indorsed on the information, in like manner and subject to the same restrictions as required in case of indictments."

In construing this statute in State v. Lawhorn, 250 Mo. 293, we hold that the verification of the complaint filed with the justice of the peace and transmitted by him to the circuit court did not meet the requirements of the statute, but that it was necessary to a compliance therewith that an information be filed by the prosecuting attorney verified by his own oath or that of someone competent to testify as a witness in the case. The procedure in the instant case was in no wise different from that in State v. Lawhorn, supra, which met with our dissapproval.

The error noted, which is conceded bv the Attorney-General, will, therefore, necessitate a reversal and remanding of this case. It is so ordered. All concur.