## THE STATE v. HOWARD JORDAN, Appellant.

### Division Two, December 1, 1920.

1. **INFORMATION: Insufficient Verification: Method of Challenge.** A motion to quash is the proper method to raise the objection that the information is not properly verified; a motion in arrest does not preserve the point for review.

2. **INSTRUCTION: False Swearing: Omission of Wilfully.** The omission of the word "wilfully" before the word "sworn" in the instruction telling the jury that "if you believe that any witness has sworn falsely to any material fact, you are at liberty to reject all or any portion of such witness's testimony," is reversible error.

3. ———: **Intoxication As Excuse.** Voluntary drunkenness is no excuse for the commission of crime. An instruction telling the jury that they cannot consider defendant's intoxication at the time of the alleged assault "as constituting any excuse, mitigation or extenuation of the alleged offense, neither can you consider such intoxication in determining whether or not such assault was made with malice aforethought or was made on purpose," is not erroneous.

4. ———: ———: **Intent.** Voluntary drunkenness cannot be considered by the jury in determining the question of intent. Although the offense be committed as the immediate result of de-

State v. Jordan.

fendant's intoxication and there be no criminal intent, the law by construction will supply the same.

5. **ASSAULT: Locked and Disabled Gun.** The pointing of a loaded gun at another constitutes an assault; and an instruction telling the jury that defendant should be acquitted if the gun held in his hands "was locked and disabled in such a manner that it was impossible for same to be discharged," should be refused.

6. ———: **Verdict: Reasonable Intendment and Surplus Words.** Verdicts should be given a reasonable intendment and construction, and surplus words therein should be disregarded in entering formal judgment.

7. ———: **Upon Joseph Instead of Jasper: Verdict.** Where the information charged a felonious assault upon Jasper Milligan, a verdict finding "the defendant guilty of a felonious assault upon Joseph Milligan . . . as charged in the information," finds him guilty as charged, and this is sufficient. It was unnecessary that it name the assaulted person, and those words may be rejected as surplusage, and what remains will support a formal judgment sufficient to bar a further prosecution for the same offense.

8. **ARGUMENT TO JURY: Preserved for Review.** Unless objectionable remarks of special counsel for the State are properly preserved they cannot be considered on appeal.

9. **JUDGMENT: Failure to Enter.** A failure to enter a formal judgment in a criminal case necessitates a remanding of the cause.

Appeal from Clark Circuit Court.—*Hon. N. M. Pettingill,* Judge.

REVERSED and REMANDED.

*John A. Whiteside* and *John M. Dawson* for appellant.

(1) The information was not verified according to the Statutes and the decisions of this court and should have been quashed. Secs. 5057, 5058, R. S. 1909; State v. Lawhorn, 250 Mo. 301. (2) The instruction No. 7, given for the State, leaves out the word "wilfully," between the word "has" and the word "sworn." This instruction is wrong and reversible error. Wilfully

means doing or omitting to do a thing knowingly. Felton v. United States, 96 U. S. 702, 24 L. Ed. 875. Wilfully means not merely voluntary, but with a bad purpose. Commonwealth v. Kneeland, 20 Pick. (Mass.) 220. It is frequently understood as signifying an evil intent without justifiable excuse. Bishop, Criminal Law, sec. 428; Potter v. United States, 150 U. S. 446, 39 L. Ed. 214; State v. Buchler, 103 Mo. 203; State v. Palmer, 88 Mo. 568; Peterson v. Pusey, 237 Ill. 204; State v. Hunter, 181 Mo. 327. The instruction as given left to the jury the right to reject any or all the evidence on the part of the defendant, of any or all witnesses, who might be mistaken on any one subject about which they testified. (3) While voluntary drunkenness is not an excuse in this State for crime, it may be shown to exist, for, the purpose of showing "intent" on the part of the accused. 16 C. J. sec. 83, p. 107; Rice on Evidence, 622-623-624. The instruction should have further stated that the condition of the mind of the defendant could be taken into consideration, for the purpose of showing whether or not the defendant's mind was in a condition to form a criminal intent. (4) Instruction No. 2, on the part of the defendant should have been given, because it comprised all the necessary elements to constitute the offense with which the defendant was charged, or in other words, it was necessary for the jury to find all of the elements described in said instruction before they could find the defendant guilty. Drunkenness is no excuse for crime, and if the gun had been in working condition and defendant had shot and killed Milligan, he would have been guilty of manslaughter in some degree, even though he intended to do no harm, and did not know what he was doing when he discharged the gun. And if the gun had been in working order when defendant drew it on Milligan he would have been guilty of felonious assault, notwithstanding the fact that defendant had no illwill, hatred or evil intent toward Milligan, and did not draw the gun on Milligan, with the actual unlawful intent to

kill or do him bodily harm; because the character of the weapon, being dangerous and deadly, would have supplied the unlawful intent. But this gun being in such a disabled condition that it could not be discharged, it was absolutely harmless, and could not supply the unlawful intent. If he had had the actual unlawful intent and had thought the gun was in working order, the fact that the gun was harmless would not take away the unlawful intent, it is true. But when there is no actual unlawful intent, the gun being so disabled that it could not be discharged, it does not supply the unlawful intent. (5) Instruction No. 3 should have been given for the reason that under the law of this State the pointing of a harmless gun is not a felonious assault. True it may be a disturbing of one's peace, but is not an assault with intent to kill. Under the law this gun was in the same condition as though it were unloaded, as the testimony on part of the State shows that it could not be discharged. A deadly weapon is one likely to produce death or great bodily injury. State v. Jarrott, 23 N. C. 76, 87; 2 Words & Phrases, 1853-1854; State v. Bowles, 146 Mo. 6; Price v. U. S., 156 Fed. 850; People v. Montgomery, 15 Cal. App. 314; State v. Yturaspe, 22 Idaho, 360; Terr v. Gomey, 14 Ariz. 139; State v. Sears, 86 Mo. 169; 5 C. J. sec. 188, p. 725; Hall v. State, 105 S. W. 816. (6) As a general rule, intoxication cannot be proven to reduce the grade of the crime, or to show that the act was not a crime, or to prove no crime was committed; but in some cases it is admissible to show that no crime has been committed, or to show the degree of the crime. Thus, in his prosecution for maliciously shooting, evidence that defendant was so intoxicated that he could not form an intent to wound, is admissible. 4 Am. & Eng. Ency. Law (1 Ed.), p. 711; 4 Elliott on Evidence, sec. 2729, p. 38. Intoxication is always available to disprove a specific intent, such as passing counterfeit money with intent to cheat, or an assault with intent to murder or do bodily harm, and the

like. 4 Am. & Eng. Ency Law (1 Ed.), p. 713. (7) This verdict is not a general verdict, but a special verdict. The information charged the defendant with an assault upon Jasper Milligan and the jury returned a special verdict, neither responsive to the issues nor in accord with, but in conflict with the case submitted to the trial jury by the instructions of the court. It is not responsive to the proof adduced to make out the case by the State. It is not responsive to the charge in the information. It is not responsive to the issues presented by the instructions of the court. The defendant was charged with a crime against Jasper Milligan, but the jury by its special verdict found him guilty of an offense against another Milligan. The verdict cannot sustain the judgment. 2 Bishop's New Criminal Procedure (2 Ed.), sec. 1005; 8 Words & Phrases, pp. 7293-95; 4 Words & Phrases (2 Series), pp. 1151-52; State v. Miller, 255 Mo. 231; State v. Modlin, 197 Mo. 376; State v. Cronin, 189 Mo. 663; State v. DeWitt, 186 Mo. 61; State v. Rowe, 142 Mo. 439; State v. Pierce, 136 Mo. 34; State v. Harmon, 106 Mo. 635; State v. Grossman, 214 Mo. 233; State v. Cornwall, 88 Mo. App. 190. It is always within the province of the jury to return a special or general verdict. State v. Bishop, 231 Mo. 411.

*Frank W. McAllister,* Attorney-General, and *Henry B. Hunt,* Assistant Attorney-General, for respondent.

(1) The information is not sworn to by the prosecuting attorney, nor is it based upon the oath of some person competent to testify, or supported by the affidavit of such person filed with the information. Secs. 5057, 5058, R. S. 1909; State v. Lawhorn, 250 Mo. 301; State v. Decker, 185 Mo. 183; State v. Bonner, 178 Mo. 429; State v. Kelly, 188 Mo. 450. (a) Objection that the information is not verified as required by law, must be by motion to quash, because the absence of proper verification is a mere formal defect.

Sec. 5115, R. S. 1909; State v. Brown, 181 Mo. 232; State v. Tindall, 188 Mo. 337. (b) The motion to quash was filed in this cause at the first trial thereof, which resulted in a mistrial. Upon the second and last trial of said cause, the motion to quash was not renewed. The motion to quash was waived. (2) The verdict is bad, in that it finds the appellant "guilty of felonious assault upon Joseph Milligan." The information charges the assault to have been committed upon Jasper Milligan. State v. Miller, 255 Mo. 229. (3) The record proper does not disclose that the trial court rendered judgment and pronounced sentence. State v. Clapper, 196 Mo. 42; State v. George, 207 Mo. 17; State v. Smith, 207 Mo. 24; State v. Hodges, 207 Mo. 518. (4) By reason of the fact that appellant did not renew his motion to quash at the second trial of this case, the matters mentioned in said motion cannot be considered by this court. The information is sufficient in substance. Sec. 4481, R. S. 1909; State v. Prendible, 165 Mo. 332, 348; State v. Barton, 142 Mo. 453; Kelley's Crim. Law, p. 506, sec. 576.

WALKER, J.—The appellant was charged by information in the Circuit Court of Clark County, under Section 4481, Revised Statutes 1909, with an assault with intent to kill. Upon a trial he was convicted and his punishment assessed at two years' imprisonment in the penitentiary. From this judgment he appeals.

Jasper Milligan, the city marshal of Kahoka, was called to the residence of the appellant, who had been firing off a shotgun in the street and threatening to kill different parties. The marshal found appellant standing before his home with the gun in his hands. As he approached appellant said, raising the gun as if to fire: "You s— of a b—, you are after me and I am going to kill you." Before he fired the gun it was forcibly taken from him and he and the marshal engaged in a scuffle in which

appellant was knocked down and then taken to the police station.  He was intoxicated at the time.

I. It is contended in the motion in arrest that the information was not verified by the oath of the prosecuting attorney or one competent to be sworn as a witness. **Failure to Verify Information.** [Sec. 5057, R. S. 1909.]  This manner of challenging our attention is not sufficient to authorize a review of this assignment.

A motion in arrest goes only to defects appearing on the face of the indictment or information.  The affidavit required to be made by the prosecuting attorney or one competent to be sworn as a witness is no part of the charge, but simply verifies it; to question its sufficiency, therefore, on account of a lack of the statutory requirement as to verification, a motion to quash becomes necessary.  [State v. Bonner, 178 Mo. 424; State v. Schnettler, 181 Mo. 173;  State v. Brown, 181 Mo. 232;  State v. McGee, 181 Mo. 312;  State v. Tindall, 188 Mo. 1. c. 337.]

In the recent cases of State v. Lawhorn, 250 Mo. 1. c. 297 and State v. Sykes, 285 Mo. 25, the procedure indicated was pursued, and we held that the omission of the verification was presented in such a manner as to constitute reversible error.  If presented as at bar, the holding would have been otherwise.

II. The usual instruction was given declaring the jury to be the judges as to the credibility of witnesses and the weight to be given their testimony. **False Swearing: Wilfully.** The second paragraph of this instruction was as follows:

"In this connection you are further instructed that if you believe that any witness has sworn falsely to any material fact, you are at liberty to reject all or any portion of such witness's testimony."

The omission of the word "wilfully" between the words "has" and "sworn" is assigned as error.  We

have uniformly held the omitted word to be necessary in an instruction of this character. [State v. Vaughan, 200 Mo. 1; State v. Darling, 199 Mo. 168; State v. Hottman, 196 Mo. 110; State v. Todd, 194 Mo. 377; State v. McCarver, 194 Mo. 717; State v. Milligan, 170 Mo. 215; State v. Hudspeth, 159 Mo. 178; State v. Wright, 134 Mo. 404; State v. Grant, 152 Mo. 57; State v. Duestrow, 137 Mo. 44; State v. Harper, 149 Mo. 514.]

The court gave the following instructions in regard to intoxication:

"Although you may believe from the evidence that the defendant Howard Jordan was intoxicated at the time of the alleged assault yet you cannot consider such intoxication as constituting any excuse, mitigation or extenuation of the alleged offense, neither can you consider such intoxication in determining whether or not such assault was made with malice aforethought or whether or not it was made on purpose.

*Intoxication: Excuse.*

"Voluntary drunkenness is no excuse for an assault, and if you find from the evidence and believe beyond a reasonable doubt that the defendant assaulted Jasper Milligan, as set forth in instruction number one or number two, you will find the defendant guilty, and it makes no difference whether he was drunk or not at the time he committed the offense."

These instructions correctly declared the law. Voluntary drunkenness is no excuse for the commission of crime. We have so held in a long line of cases, from State v. Harlow, 21 Mo. l. c. 458, wherein instructions asked by the defendant were refused which declared: (1) "that although drunkenness is no justification for the killing, yet the jury may take it into consideration in determining the intent with which the defendant did the act;" (2) "that if the jury believe from the evidence before them, that defendant at the time he killed Andrews was so much intoxicated as not to be able to act as a sane and rational man, and that he became so intoxicated not

with the intention to kill Andrews or to do him any personal injury, they must find defendant not guilty.''

Judge RYLAND, speaking for the court in the Harlow case, said: ''I dismiss these two instructions by saying that human life, cheap as it is now, would hardly be considered any longer under legal protection, if such should be the law laid down by our courts. It is considered criminal for a man to make himself a drunkard; one crime never yet justified the commission of another.''

It is true that in State v. Hays, 23 Mo. l. c. 323, the court did not criticize the giving of an instruction asked by the defendant which declared that ''although drunkenness is no justification for the killing, yet the jury may take it into consideration in determining the intent of the defendant in doing the act,'' this cannot be said to sustain the conclusion that a refusal to give this instruction is error. It will be noted that it was given in the Hays case at the request of the defendant and the most that can be said in regard to it is that the court held it not to be error of which the defendant could complain. Any conclusion to the contrary is rebutted by the fact that the doctrine announced in the Harlow case has been repeatedly approved in many later cases.

The propriety of an instruction of the character here under consideration was learnedly and exhaustively discussed in State v. Cross, 27 Mo. 332, and the ruling in the Harlow case was approved. A like conclusion was reached in State v. Hundley, 46 Mo. 414. In State v. Dearing, 65 Mo. l. c. 533, the court said: ''The questions concerning defendant's condition in respect to intoxication were clearly inadmissible. That subject has been fully considered by this court and it is needless to review former adjudications.'' In State v. Edwards, 71 Mo. 317, we held that the fact that the defendant was drunk when he committed the homicide was not to be considered by the jury in determining the question of intent.

While it has been held in a few cases in other jurisdictions, (State v. Schingen, 20 Wis. 74; Gates v.

Meredith, 7 Ind. 440) that a condition of drunkenness may be considered by a jury as determinative of the intention of the accused in the commission of the offense charged, the general and, we may say, the almost universal rule, to which we have always adhered in this State, is that the defense of voluntary drunkenness cannot be interposed to an offense committed as the immediate result of such drunkenness, and, although there may be no criminal intent, the law will by construction supply same; this under the well recognized principle that one who voluntarily assumes an attitude likely to produce harm to others, despite any specific intention to injure, is responsible for the consequences of his act. [2 Coke, Litt. sec. 247a.] Many recent cases, in determining the matter here at issue, give affirmative approval to this principle, not only in relation to the introduction of testimony in regard thereto, but in the giving of instructions. [State v. Bobbst, 269 Mo. 214; State v. Church, 199 Mo. 615; State v. Woodward, 191 Mo. 617; State v. Stebbins, 188 Mo. 387; State v. West, 157 Mo. 309; State v. Clevenger, 156 Mo. 190; State v. Alcorn, 137 Mo. 121; State v. O'Reilly, 126 Mo. 597; State v. Murphy, 118 Mo. 7.]

We therefore overrule appellant's contention that the instructions given in this behalf were error.

Appellant assigns error in the refusal of the following instruction:

"If the jury shall find from all the evidence in the cause that the gun held in defendant's hands was locked and disabled in such a manner that it was impossible for same to be discharged, then the jury should acquit him."

Locked Gun.

The pointing of a loaded gun at the marshal, as charged in the information and as shown by the evidence, constituted an assault and the instruction asked by the appellant was properly refused. [State v. Dooley, 121 Mo. 591; State v. Sears, 86 Mo. 169; State v. Painter, 67 Mo. 84.]

· III.  It is contended that the verdict is insufficient to support a judgment of conviction.  The information charges that the assault was committed upon Jasper Milligan; the verdict found the appellant guilty **Verdict.** of an assault upon Joseph Milligan.  It was in the following form:

"We, the jury find the defendant guilty of a felonious assault upon Joseph Milligan on purpose and with malice aforethought as charged in the information and assess his punishment at imprisonment in the penitentiary for a term of two years."

It is a wholesome precept that verdicts should be given a reasonable intendment and a like construction; and are not to be avoided unless it is evident they will work manifest injustice.  [State v. Grossman, 214 Mo. 233; Welch v. State, 50 Ga. 128; Arnold v. State, 51 Ga. 144.]

A verdict will not be held bad for informality if the matter in issue may be fully determined from it; the fact that the verdict contains more than is required for a valid finding will not constitute a tenable objection if, when stripped of superfluities, it still contains enough to support a judgment.  [State v. Blue, 84 N. C. 807; People v. Boggs, 20 Cal. 433.]

The verdict at bar finds the appellant guilty as charged and assesses the punishment.  This was sufficient.  [State v. Bishop, 231 Mo. l. c. 415; State v. Martin, 230 Mo. 680; State v. Lawler, 220 Mo. 26; State v. Dewitt, 186 Mo. 61.]  The name of the injured person as set forth in the verdict was unnecessary and might well, if a formal judgment had been entered, as should have been done, have been rejected as surplusage. The rejection of non-essentials from a verdict will not authorize its avoidance when the remainder fully meets the issue.  [State v. Gould, 261 Mo. l. c. 704; State v. Bishop, 231 Mo. 411; State v. Hayden, 190 S. W. l. c. 312.]

The verdicts held not responsive to the issues in State v. Dewitt, 186 Mo. 61, State v. Miller, 255 Mo. 223,

and State v. Griffin, 212 S. W. 877, lacked essential elements of the offenses charged, and hence the propriety of our rulings in regard thereto.

The definiteness of the verdict in the instant case and its completeness as to the issue, are such that upon the entry of a judgment thereon it would have constituted a bar to a further prosecution of the appellant for the same offense, provided, of course, there are no other prejudicial errors in the case. Appellant has been deprived of no right and has consequently suffered no injury by reason of the error complained of.

There is a growing and commendable tendency in the appellate courts, in the interpretation of the criminal law, where the record discloses that the accused has had a fair trial resulting in a conviction, not to disturb the judgment upon a mere technicality. As such we regard this contention, and it is therefore overruled.

IV. It does not appear that the remarks of the counsel assisting the State, complained of by the appellant, were properly preserved and hence they are not for our consideration.

Argument of Counsel.

As presented in the motion for a new trial they were intemperate in being outside of the evidence. As the case must be retried, it is not improper to say that this character of argument should not be repeated. Special prosecutors should not permit their zeal for a conviction to color their arguments with personal invective not authorized by the record.

V. Through an oversight no formal judgment was entered in this case. This alone would necessitate a remanding. Added thereto is the error in the instruction as to the province of the jury in weighing the testimony, which renders imperative a reversal and remanding that the case may be retried. It is so ordered. All concur.

Judgment.