## THE STATE v. FRANK CAREY, Appellant.

Division Two, December 22, 1925.

1. **BURGLARY AND LARCENY: Sufficient Evidence.** The evidence produced by the State tending to show defendant guilty of the crime of burglarizing an oil station and stealing money therefrom is set out fully in the opinion, and is *Held*, sufficiently substantial to warrant a verdict of guilty.

2. ———: Amended Information: Departure: Immaterial Change. The original information failed to describe specifically the location of the building of the oil company which defendant was charged therein with having burglarized, but did charge that one watch of the value of two dollars, the property of one Merrill Banning, was taken from said building, in addition to $104.32 in money, the property of the oil company. The defendant waived a preliminary hearing before a justice of the peace, and was bound over to appear in the criminal court, to answer said information and appeared therein and filed a motion to quash, which was sustained. Thereupon the prosecuting attorney was granted leave to file an amended information, and filed the one upon which defendant was tried and convicted, and which described the location of the building and charged that defendant burglariously did enter said building, and did steal and carry away $104.32 in money, the property of said oil company, but omitted all reference to the watch. *Held*, that

State v. Carey.

the amended information made no material change in the charge contained in the original information, and the court did not err in permitting it to be filed.

3. **AMENDED INFORMATION**: Without Affidavit. The prosecuting attorney is authorized to file an amended information, without an affidavit attached thereto, except his own official oath.

4. ————: Further Preliminary Hearing: Continued Waiver. The defendant having waived a preliminary examination before the justice of the peace upon the original information, he is not entitled to any further preliminary hearing after said original information is quashed, and an amended information, making no material change in the charge, is filed by leave of court.

5. **ARGUMENT TO JURY**: Stock Instructions. A reference by the prosecuting attorney to the instructions on circumstantial evidence as "stock instructions" is not error, where it is manifest that had he used the word "usual" or "standard" instead of "stock" there could have been no objection.

6. ————: Defendant's Failure to Explain. Defendant was arrested about four o'clock on a July morning, as he came away from or out of the door of an oil station, which had been burglarized, and $27 was taken from him. The police who arrested him was asked if defendant made any explanation of where he got the money taken from him or what he was doing in the oil station, and answered, "None whatever," and this evidence went in without objection. *Held*, that the evidence was a proper subject of comment by counsel for the State, and the court committed no error in overruling an objection to the remark of the prosecuting attorney in his argument to the jury that: "He made no explanation to the police when he was arrested, and there is no explanation he can give."

7. **BURGLARY AND LARCENY**: Joint Charge: Separate Verdict. Where the information in one count charges the defendant with burglary and larceny, a verdict finding him guilty of both crimes and assessing specific and separate punishment for each is sufficient and proper.

Corpus Juris-Cyc. References: Burglary, 9 C. J., Section 58, p. 1033, n. 15; p. 1034, n. 16; Section 132, p. 1075, n. 13. Criminal Law, 16 C. J., Section 566, p. 319, n. 20; Section 2235, p. 893, n. 32; Section 2241, p. 897, n. 89; Section 2255, p. 907, n. 17; Section 2602, p. 1111, n. 86. Indictments and Informations, 31 C. J., Section 163, p. 646, n. 56 New; Section 424, p. 827, n. 97 New; Section 427, p. 828, n. 17.

Appeal from Criminal Court of Greene County.—*Hon. Warren L. White*, Judge.

State v. Carey.

AFFIRMED.

*Irwin & Dunn* and *T. S. Mosby* for appellant.

(1) The improper remarks of counsel for the State, which were not rebuked by the court nor withdrawn upon defendant's objection, constituted prejudical error, for which the judgment should be reversed. 16 C. J. 894; State v. Swisher, 186 Mo. 1; State v. Lee, 66 Mo. 167; State v. Upton, 130 Mo. App. 316; State v. Pagals. 92 Mo. 311; State v. Woolward, 111 Mo. 248; State v. Ferguson, 152 Mo. 99; State v. James, 216 Mo. 394; State v. Clapper, 203 Mo. 549; State v. Kennedy, 177 Mo. 98; State v. Shipley, 174 Mo. 512; State v. Gillespie, 104 Mo. App. 400; State v. Fischer, 124 Mo. 460; State v. Horton, 247 Mo. 657; State v. Dixon, 253 S. W. 746. (2) The testimony was insufficient to support a conviction, and the demurrer to the State's evidence should have been sustained. State v. Johnson, 209 Mo. 346; State v. Dines, 206 Mo. 649; State v. Gordon, 199 Mo. 561; State v. Francis, 199 Mo. 671; State v. Lowe, 93 Mo. 547; State v. Glahn, 97 Mo. 368; State v. Primm, 98 Mo. 368; State v. Howell, 100 Mo. 628. (3) The amended information was bad because it was a substantial departure from the affidavit filed with the municipal judge. Sec. 3850, R. S. 1919; State v. Balch, 178 Mo. 392; State v. Schnettler, 181 Mo. 173; State v. Bonner, 178 Mo. 424; State v. Fuser, 75 Mo. App. 263. (4) The affidavit did not set forth the offense, and being insufficient in law to support the information, the latter will be quashed. State v. Hayward, 83 Mo. 299; State v. Essman, 112 Mo. App. 132; State v. Cornell, 45 Mo. App. 44; State v. Whitaker, 75 Mo. App. 184; Sec. 3850, R. S. 1919. (5) The information cannot be amended into charging an offense different from that charged in the original information, and error was committed in allowing this to be done. State v. Emberton, 45 Mo. App. 56; State v. Jenkins, 92 Mo. App. 439; State v. Walton, 255 Mo. 232. (6) No prelimi-

nary hearing having been granted or waived under the amended information, and defendant having offered proof of such fact, the court erred in overruling the motion to quash. Sec. 3848, R. S. 1919; State v. McKee, 212 Mo. 138; State v. Jeffries, 210 Mo. 302; State v. Dooms, 280 Mo. 84.

*Robert W. Otto, Attorney-General,* and *Harry L. Thomas,* Special Assistant Attorney-General for respondent.

(1) No affidavit was filed under the terms of Sec. 3850, the filing being under Section 3760, thereof. Filing under Section 3850 must be with clerk of the court having jurisdiction or with the prosecuting attorney. Secs. 3849, 3851, R. S. 1919. (a) Even though affidavit is made and lodged with the prosecuting attorney, he may ignore it and file a valid information upon his own information and belief. Sec. 3760, R. S. 1919; State v. Rotter, 193 Mo. App. 113; State ex rel. v. Wright, 201 Mo. App. 92; State v. Schnettler, 181 Mo. 173; State v. Sykes, 285 Mo. 25; State v. Lawhorn, 250 Mo. 293. (b) The amended information differed materially from the original information and did not tend to broaden the building burglarized. This amendment was in accord with contentions in defendant's motion to quash the original information and did not tend to broaden the issues. (c) Informations may be amended in matter of form or substance at any time before trial. No prejudice to defendant's rights was caused by the amendment. R. S. 1919, Sec. 3853; State v. Woodard, 273 S. W. 1049. (d) The information follows the statute and is in an approved form. R. S. 1919, Sec. 3305; State v. Sprague, 149 Mo. 411; State v. Yandle, 166 Mo. 589; State v. Tracy, 243 S. W. 178; State v. Tipton, 271 S. W. 56. (2) The records of the municipal court show that the charge was read to the defendants. The affidavit was in substance and effect the same as outlined in the information. Such records need not show the making

of any plea, the proceedings being merely a hearing to determine probable guilt and not a trial to determine guilt or innocence. State v. Langford, 240 S. W. 169. Defendant, having pleaded to the general issue and having gone to trial without further objection, waived any right to a preliminary hearing. State v. Evans, 270 S. W. 687; State v. Ferguson, 278 Mo. 119; State v. McNeal, 304 Mo. 119. (3) The reference to the failure of the defendant to make any explanation when arrested was based upon evidence. It was evidently used, in argument, to impeach defendant's story, and not as any indication of his guilt. Alleged errors in the remarks of counsel for the State are not for review, no sufficient objection having been made thereto. There was no motion to strike out or request to reprimand. State v. Cooper, 271 S. W. 471; State v. Phillips, 233 Mo. 307; State v. Pinson, 291 Mo. 339; State v. McMullin, 170 Mo. 632. (4) The verdict finds the defendant guilty of burglary and larceny as charged in the information. It assesses, separate and specific punishment for each offense and is sufficient. State v. McCune, 209 Mo. 399; State v. Logan, 209 Mo. 401; State v. Rowe, 142 Mo. 439; State v. McHenry, 207 S. W. 809.

RAILEY, C.—On August 15, 1924, the Prosecuting Attorney of Greene County, filed in the criminal court of said county, an amended information, which, without caption, signature and jurat, reads as follows:

"H. T. Lincoln, Prosecuting Attorney within and for the County of Greene, in the State of Missouri, under his oath of office informs the court that Herman Hedgpeth, W. J. DeMombrom and Frank Carey, late of the county and state aforesaid, on the 16th day of July, A. D. 1924, at the County of Greene and State of Missouri, a certain building the property of E. M. Wilhoit Oil Company, a corporation organized and existing under the laws of the State of Missouri, and located on the northwest corner of State and South Campbell

311 Mo. Sup.—30.

streets in the city of Springfield, Greene County, Missouri, the same being a building in which goods, wares, merchandise and other valuable things were then and there kept and deposited, did then and there feloniously and burglariously break into and enter with intent the goods, wares, merchandise and other valuable things in said building, then and there being, feloniously and burglariously to steal, take and carry away, and one hundred and four dollars and thirty-two cents, good and lawful money of the United States, of the value of one hundred and four dollars and thirty-two cents, the property of the said E. M. Wilhoit Oil Company, a corporation, as aforesaid, in said building then and there being, then and there feloniously and burglariously did steal, take and carry away, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.''

On August 15, 1924, appellant filed a motion to quash the amended information, which was overruled, and thereafter on the same day defendant filed his motion for a continuance, which was likewise overruled. Thereafter, on the same day, defendant was formally arraigned and entered a plea of not guilty. On the same day, the jury, before whom the case was tried, returned into court the following verdict:

''We, the jury, find the defendant Frank Carey guilty of burglary and larceny in manner and form as charged in the information and assess his punishment at seven years in the penitentiary for the burglary and at five years in the penitentiary for the larceny.''

Timely motions for a new trial and in arrest of judgment were filed and overruled. Thereafter judgment was rendered, sentence pronounced and an appeal granted defendant to this court.

E. M. Wilhoit testified, in substance, that he was president of the E. M. Wilhoit Oil Company of Missouri, which owned a filling station at State and Campbell streets, in Springfield, Greene County, Missouri; that on July 16, 1924, the station was burglarized, one of the rear

windows prized up and a safe had been broken open and the contents rifled.

O. W. Hulse, a police officer, testified, that he received a call about four A. M. on July 16, 1924, to go to the Wilhoit station; that officer Webb accompanied him, and they found the defendant standing in the door of the station; that a sledge hammer and a punch were lying on the floor of the station; that the outer door of the safe was open and an inner door of same was battered; that the safe contained no money; that he took an automatic pistol from the defendant, and later took from him a spring-back knife and about $27 in cash, including some paper rolls containing pennies and nickels; that defendant made no explanation as to the money taken, nor as to his presence there. On cross-examination, witness testified that defendant was standing in the open door of the station; that he walked toward the police car as it drove up and made no resistance; that the above occurred about day-break.

W. K. Webb, a policeman, testified that, on the morning of July 16, 1924, he was called to the E. M. Wilhoit filling station, with officer Hulse; that as they drove up to the station, which was dark at that time, they stopped and defendant came out to meet them; that one man ran, and witness ran after him; that he caught this man and his name was Herman Hedgpeth; that the above occurred about four o'clock in the morning, and it was dark.

F. M. DeArmond, a police officer at Springfield, testified that he knew Herman Hedgpeth and Billie De-Mombrom; that about ten o'clock on the night of July 15, 1924, he saw them at Tony De Mates place on South Campbell Street; that he next saw them at the filling station the following morning about four o'clock, and they were then in a Ford roadster; that he arrested DeMombrom about twenty minutes after defendant was arrested; that $57 in cash was taken from Hedgpeth, but he had no wrapped money; that a little money was taken from DeMombrom.

Merrill Banning testified that he was twenty years old, and worked for the E. M. Wilhoit Oil Company by the day, and was so employed on the morning of July 16, 1924; that he was working at the station located at State and Campbell streets; that it was his duty to lock up the station; that about nine o'clock on the night of July 15, 1924, he locked up said station; that there was somewhere near $100 on hand, and he locked it up in the safe of the company; that he next saw the station about four-thirty the morning of July 16, 1924; that he stayed right across the street from the station and was awakened by hearing a shot; that he dressed and went to the station where he found the door open, and one of the windows open, which had been nailed down; that he saw the marks from prying the window; that he saw there a tire tool and a screw driver, lying on the outside below the window; that the safe had been hit with some instrument and the door of same was open; that all the money which he left in the safe the night before, except a check for $2.27, had been taken from the safe; that part of the nickels and pennies left in the safe were in the original wrappers, similar to those taken from defendant at the time of his arrest. These wrappers were secured from various banks.

Nelson Dickinson, an employee of the oil company, testified that the loss sustained was $104.32.

W. K. Webb was recalled, and testified that the money taken from Hedgpeth was all paper money which he had thrown down when pursued. He had some other money which he said was his own; that he was chased about three blocks from the above station; that the officer didn't know it was Hedgpeth when the chase started.

The evidence for defendant was as follows:

Mrs. Mary Bradley, who kept a rooming house at 408½ West Walnut, testified that defendant roomed at her house on July 15th and 16th, 1924; that she saw him about ten o'clock on the night of July 15th; that he paid his room rent on that occasion and had some money left; that DeMombrom paid his bill amounting to two dollars.

H. E. Wheelbarger, who operated a billiard hall in Springfield, testified that he loaned defendant $30 the evening before the burglary; that the money loaned him was in paper and silver, and included about four or five dollars of wrapped nickels, pennies and dimes; that wrapped money is used at the hall at all times; that he did not know how many rolls were given defendant.

Frank Carey, the defendant, testified, in substance, that he was arrested the morning of July 16, 1924, after he had crossed the street near the station; that his attention was called to the station and he saw two men running out of the door; that he had just stepped up to look in the door when the police arrived; that he turned and walked toward the car; that he had been playing poker the evening before, with the money he got from Wheelbarger; that he went to the game about 12:30 A. M. and was on his way home when arrested; that he made no resistance to his arrest; that the money taken from him was that borrowed from Wheelbarger; that he received the wrapped change from Wheelbarger; that he left the poker game about 3:30 A. M.; that he did not use any of the nickels or pennies in the game; that he carried a revolver because of threats, and in order to protect his life.

I. It is contended by appellant that the evidence is insufficient to sustain the verdict, and that his demurrer to the evidence at the conclusion of the case should have been sustained.

The evidence is set out very fully in the preceding statement and need not be repeated here. We are of the opinion that there was substantial evidence offered by the State, and that the jury was fully warranted in convicting him thereunder on that issue. [State v. Woodard, 273 S. W. l. c. 1050; State v. Tipton, 307 Mo. 500; State v. Cox, 267 S. W. 884; State v. Hamilton, 263 S. W. 127; State v. Houston, 263 S. W. 219; State v. Kleine, 263 S. W. 114; State v. Boes, 262 S. W. 1019; State v. Stark, 249 S. W. 57; State

*Sufficient Evidence.*

v. Affronti, 238 S. W. 106; State v. Brown, 234 S. W. 785; State v. De Priest, 232 S. W. 83; State v. Bater, 232 S. W. 1012; State v. Lasson, 292 Mo. 155.]

II.   The original information filed in the Criminal Court of Greene County failed to specifically describe the location of the building of the E. M. Wilhoit Oil Company, etc., and charged therein that one watch of the value of two dollars, the property of one Merrill Banning, was taken from said building.

**Amended Information.**

The defendant waived a preliminary hearing before C. A. Hubbard, municipal judge and *ex-officio* justice of the peace, on July 17, 1924, and was bound over to appear in the Criminal Court of Greene County, Missouri, to answer said information. He appeared in the criminal court aforesaid and filed a motion to quash the above information, which was sustained. Thereupon the State was granted leave to file the amended information heretofore set out. It made no material change from the original information, and the court committed no error in permitting the same to be filed as amended. [Sec. 3853, R. S. 1919; State v. Smith, 267 S. W. l. c. 870; State v. Woodard, 273 S. W. l. c. 1049.]

The motion to quash the amended information is without merit and was properly overruled.

III.   The prosecuting attorney was authorized to file the amended information in the Criminal Court of Greene County, without any affidavit, except the oath of the State's attorney attached thereto. [Sec. 3760, R. S. 1919; State v. Sykes, 285 Mo. l. c. 27, 225 S. W. 904; State v. Lawhorn, 250 Mo. l. c. 295, 157 S. W. 344; State v. Schnettler, 181 Mo. l. c. 184, 79 S. W. 1123; State ex rel. v. Wright, 201 Mo. App. l. c. 96; State v. Rotter, 193 Mo. App. l. c. 113.]

**Affidavit.**

IV.   The defendant, having waived a preliminary examination as heretofore stated, was not entitled to any

State v. Carey.

Waiver of Preliminary Hearing. further preliminary hearing after the filing of the amended information, as there was no material change in the charge against him. [State v. Woodard, 273 S. W. l. c. 1048-9, and cases cited.]

V.   The information is sufficient as to both form and substance.  [State v. Tipton, 271 S. W. l. c. 56; State v. Tracy, 243 S. W. l. c. 178; State v. Yandle, 166 Mo. l. c. 594; State v. Sprague, 149 Mo. l. c. 411; Sec. 3305, R. S. 1919.]

Sufficient Information.

VI.  Complaint is made in appellant's brief that, after the evidence was all in, counsel for the State made in part the following remarks: "Where no one sees the knife sunk into a man's heart or sees him shot or sees the building broken into, the court has to give stock instructions on circumstantial evidence."

Argument to Jury.

Counsel for defendant said: "We object to the words 'stock instructions.'"  This objection was overruled by the court.

It is manifest that, if counsel for the State had used the words "usual" or "standard" instead of "stock," in discussing the instruction, no objection would have been interposed.  The above complaint is without merit and overruled.

VII.  The court is likewise charged with error, in overruling defendant's objection to the following argument of counsel for State: "He [defendant] made no explanation to the police there when he was arrested and there is no explanation he can give."

Explanation By Defendant.

Turning to the testimony of O. W. Hulse, we find that the following occurred in his examination by the State:

"Q.  At the time of the arrest did Mr. Carey make to you any explanation where he got the money which

had been taken off of him or what he was doing in the E. M. Wilhoit Oil Station? A. None whatever.''

This evidence went in without objection, and was the proper subject of comment by counsel for the State. Aside from the foregoing, we are at a loss to understand how appellant could have been legally injured by showing that he made no explanation to the policeman as to his presence that time of morning near the scene of the robbery. The trial court committed no error in respect to foregoing matter.

VIII. The information charged defendant with burglary and larceny in a single count. The verdict aforesaid found defendant guilty of both crimes, and **Verdict.** separately assessed specific punishment for each offense, which was sufficient. [Sec. 3305, R. S. 1919; State v. Rowe, 142 Mo. l. c. 441; State v. McCune, 209 Mo. l. c. 400-1; State v. Logan, 209 Mo. l. c. 402; State v. McHenry, 207 S. W. l. c. 808 and cases cited.]

IX. Appellant complains of some other statements made by counsel for the State in the argument of the case, but on consideration of same we find no grounds for granting a new trial.

While no special complaint is made in appellant's brief as to the instructions given, we have carefully considered the same, and find that they properly declare the law and fully informed the jurors as to all the law that was necessary for them to consider in passing upon the case.

We are of the opinion that defendant was legally convicted upon substantial evidence. The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.