**STATE of Missouri, Respondent,**

v.

**Lawrence KENNEBREW, Appellant.**

No. 50387.

Supreme Court of Missouri,

Division No. 1.

July 13, 1964.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

Stanford A. Zeldin, Kansas City, for appellant.

HENLEY, Judge.

This appeal out of time is lodged here by virtue of a special order of this court entered September 9, 1963, pursuant to Rule 28.07 (all references to Rules are to V.A.M.R.).

On January 30 and 31, 1963, the defendant, Lawrence Kennebrew, was tried by a jury and on the latter date he was found guilty of the felony of robbery in the first degree. He was represented at the trial by counsel appointed by the trial court. The jury assessed his punishment at imprisonment in the Missouri Penitentiary for a term of eight years. A motion for a new trial was not filed. On February 19, 1963, Kennebrew and his court-appointed counsel appeared in court and defendant was then accorded allocution, and judgment and sentence in accordance with the verdict were pronounced and entered.

On September 19, 1963, in accordance with our mandate, the defendant was by the trial court granted leave to, and did, file his notice of appeal. At the same time the trial court ordered that the defendant be furnished with a transcript of the record without cost to him. This 160 page transcript was furnished us. Our file indicates that the trial court also appointed counsel to represent Kennebrew in the prosecution of this appeal.

The latter court-appointed counsel has furnished us with a brief in which he raises three points of error, namely, (1) that the

verdict did not refer to the information and omitted all the essential elements of the crime of first degree robbery, (2) that a defense witness was permitted to be cross-examined on the latter's conviction by a jury before the time for appeal of that conviction had expired, and, (3) the admission into evidence of a knife found on the person of Kennebrew at the time of his arrest. In addition to his appellate counsel's brief, defendant has favored us with his own good efforts in the form of a supplemental brief.

■ As a consequence of defendant not filing a motion for a new trial in the trial court, that court was not afforded an opportunity to consider and rule on the alleged errors presented to us in defendant's briefs. This court has held many times that in this state of the record there is nothing before us for review except those portions of the record we are required to consider and review under Rule 28.02. Section 547.270 (all references to statutes are to RSMo 1959 and V.A.M.S.). State v. Hurtt, Mo., 338 S.W.2d 876; certiorari denied, 364 U.S. 916, 81 S.Ct. 281, 5 L.Ed.2d 229; State v. Deckard, Mo., 354 S.W.2d 886. The alleged errors of the trial court presented and argued in defendant's briefs, with the exception of point 1 above referred to, were not properly preserved for appellate review.

■ The charge of robbery in the first degree in this information is in the language of Section 560.120 and contains all the elements of that offense. In substance and form it is not unlike informations held sufficient in State v. Jarrett, Mo., 317 S.W. 2d 368; State v. Moore, Mo., 347 S.W.2d 195. Defendant complains that the information is insufficient in that it does not charge that the offense was committed with *intent* to deprive the prosecuting witness of his property. Section 560.120 does not mention any specific intent as an essential element of the offense. The information is sufficient.

■ The verdict assailed by the defendant is (signature of the foreman omitted) as follows:

"We, the Jury, find the Defendant, LAWRENCE KENNEBREW, guilty of Robbery, First Degree, and assess his punishment by eight (8) years in the State Penitentiary."

This general verdict (as distinguished from a special verdict) is responsive to the charge made in the information and certain as to the offense intended. It was not necessary that the words, "as charged in the information", be added as a reference. State v. Carroll, 288 Mo. 392, 232 S.W. 699. State v. Sauselle, Mo., 265 S.W.2d 290, l. c. 294. In State v. Jordan, 285 Mo. 62, l. c. 72, 225 S.W. 905, 907, this Court said:

"It is a wholesome precept that verdicts should be given a reasonable intendment and a like construction, and are not to be avoided unless it is evident they will work manifest injustice. * * *"

And in the same case, 285 Mo., l. c. 73, 225 S.W. l. c. 907, the standard or test is stated as: the verdict must be sufficiently definite and certain "* * * that upon the entry of a judgment thereon it would have constituted a bar to a further prosecution * * * for the same offense * * *". This verdict meets that test.

We have examined those portions of the record required under Rule 28.02 and find no reversible error.

The judgment is affirmed.

All concur.